**FLUID SYSTEMS, Inc. v. GREAT LAKES EQUIPMENT CO.**

Civ. A. No. 27090.

United States District Court
N. D. Ohio, E. D.
May 9, 1951.

Edmond M. Bartholow, New Haven, Conn., William E. Williams, Cleveland, Ohio, for plaintiff.

Chas. Auerbach, Geo. V. Woodling and Bruce B. Krost, all of Cleveland, Ohio, for defendant.

JONES, Chief Judge.

This is an action for alleged patent infringement. The defendant by its motion requests dismissal of the complaint and summary judgment in its favor under Rules 12 and 56, Fed.Rules Civ.Proc. 28 U.S.C.A. The grounds for the motion are (1) misuse of the patent rights by the plaintiff, (2) estoppel, and (3) invalidity of the patent in view of the prior art.

The court agrees with the defendant that the decided cases establish the principle that where a patent owner uses the patent to extend his monopoly to unpatented material, such practice constitutes an abuse and misuse of the patent. The court is not convinced, however, that the record to date, including the plaintiff's admissions, establishes by undisputed facts that plaintiff has misused its patent, so that the court can say as a matter of law that it has done so.

It is a prerequisite to the granting of summary judgment under Rule 56 that there be an absence of any genuine issue as to any material fact. A court, not being skilled in the art, has great difficulty in determining whether or not there is any "genuine issue" in a patent case, and, therefore, should be extremely cautious in using the summary judgment procedure. The Circuit Court of Appeals for the Fifth Circuit in Paul E. Hawkinson Co. v. Dennis, 166 F.2d 61, discusses the summary judgment procedure in relation to the issue of misuse, and I think its statement at page 63 is apropos the instant case. The court said: "The only effect of the misuse would be to prevent the unrepentant wrongdoer from invoking the aid of a court. It is quite clear, therefore, that if summary judgment procedure is to be effectively used by an infringer to permit him to continue to infringe without accountability, the case for summary judgment must be made out clearly and beyond the peradventure of a doubt."

I am satisfied that the plaintiff uses mostly elements that are old in its patented system or combination. However, defendant has not established beyond dispute that the plaintiff has attempted to achieve a monopoly in the sale of the unpatented equipment for use in its system. There is no evidence showing the extent of plaintiff's control of the sale of the unpatented elements. (Defendant does charge that use of plaintiff's system involves the necessary purchase of the equipment from it.) There is no evidence that plaintiff ever objected to the sale of the unpatented materials by its competitors, or took steps to prevent them from doing so. There is

no evidence that plaintiff ever licensed, in writing, the use of its system on the condition that the patented system be used by the licensee only with unpatented material furnished by the plaintiff. Indeed, plaintiff at least indicates that it would not require a user of its system to buy the unpatented elements from it.

The Court of Appeals for the Fifth Circuit points out in Gray Tool Co. v. Humble Oil & Refining Co., 186 F.2d 365, that the defense of misuse of patents is a matter of the spirit and intent with which the course of business conduct allegedly constituting the misuse is done. Purpose or intention is a fact inference. I am unable to say that the only inference to be drawn from the fact that plaintiff sells the unpatented equipment is that it is seeking to extend its patent monopoly, in view of plaintiff's explanation that it recommends purchase of its equipment by users of its system because the equipment is specially designed for use in the system, and gives the most satisfactory performance.

The second ground for defendant's motion is not entirely clear. An examination of the authorities does not reveal any principle of estoppel whereby a plaintiff's action may be dismissed merely because he is asserting an exaggerated claim. I take it that defendant means to assert (1) that claims 4, 14, and 15, in suit, are limited to a transportation system for viscous liquids wherein "electrical heating is continued to the extreme ends of the pipes (within a supply tank), that is, to an arrangement wherein the the electric current is carried clear down to the bottom openings of the pipes and there electrically connected to form a circuit", and that, therefore, the accused device does not infringe upon plaintiff's claims, or (2) that claims 4, 14, 15, if not so narrowed, are invalid in view of the prior art.

Claims 4, 14, and 15, when read by one not skilled in the art, do not appear to be limited to a system which includes electrical heating of the portions of the pipe within the supply tank. At least it cannot be said that it is undisputed that the claims are so limited. The court must defer determination of the claims until trial, at which time the nature of the claims can be explained to the court, and the complete patent file can be presented to it.

As a third ground for summary judgment, defendant argues that the claims, if not limited, are invalid because they were anticipated by prior patents. (This is also the second aspect of ground No. 2, as I have analysed it.) I think that plaintiff at least raises an issue regarding this contention of the defendant. Plaintiff's evidence will tend to show that its system is new in the respect that excess heated oil is delivered to the tank at a point adjacent the pump inlet, and the heated oil is again drawn into the inlet without being diffused through the colder oil in the tank.

Motion for summary judgment denied.