Howell, Judge,
delivered the opinion of the court:
This is an action by plaintiff for relief under the provisions of the Act of August 7, 1946,[1] known as the Lucas Act.
Defendant has filed a motion for summary judgment un *309 der Rule 51 of the Rules of the United States Court of Claims, on the ground that there is no genuine issue as to any material fact and that defendant is, therefore, entitled to judgment as a matter of law.
Plaintiff’s petition contains the customary allegations necessary to make out a case under the Lucas Act. Defendant’s motion appears to be directed against one material fact alleged in plaintiff’s petition, i. e., that plaintiff had filed with the contracting agency prior to August 14, 1945, numerous written requests for relief. None of the documents relied on are now before the court except a certain document, dated April 6, 1945, entitled “Certificate and Release.” It is defendant’s position that the requests for relief evidenced by the “Certificate and Release” all relate to legal or contractual relief rather than to equitable or extralegal relief, and as such, will not support a claim for relief under the Lucas Act as that Act has been interpreted by the Supreme Court in the case of Fogarty v. United States, 340 U. S. 8. In support of its motion the defendant has submitted plaintiff’s letter of March 19, 1943, to the contracting agency, advising that agency that it had sustained losses and was faced with the possibility of future losses in the carrying out of its contract for the War Housing Project at Rosiclare, Illinois. Defendant has also submitted one of the three enclosures mentioned in that letter. The enclosure is entitled, “Analysis of Factors beyond the Control of the General Contractor and Not Foreseeable at the Time of the Execution of the Contract Which Resulted in the Labor Loss Sustained by the Contractor.” At the oral argument on defendant’s motion, defendant in open court submitted the contracting agency’s Certificate of Completion of the Rosiclare housing project contract, dated April 9, 1945. The plaintiff has attached to its opposition to defendant’s motion the full text of the Certificate and Release mentioned in the petition.
The requests for relief relied on by plaintiff as placing the Government on notice, prior to August 14, 1945, that it was seeking extra-legal relief from losses are summarized in the petition as follows:
*310 (a) Excess labor costs account erroneous wage scale representations_$13,999.48
(b) Overtime wages not reimbursed as represented by FPHA_ 22,429.10
(c) Claims and losses incurred in performance of the contract resulting from acts of the Government, pursuant to a statement of such claims filed with EPI-IA on March 19,1943; and exhibits thereto attached:
(1) Excess material costs account inadequate priorities_ 17,326.50
(2) Excess road costs by reason of acts of Government agents and acts of God_ 6,556.20
(3) Change Order requests denied by project manager_ 4, 008. 52
(4) Excessive costs and expenses resulting from acts of Government agents_ 25, 000. 00
Total_$89, 319. 80
On the basis of the above summary and the full test of the Release submitted by plaintiff, we cannot say that the claims in question are clearly legal claims for contractual relief. Viewing these claims in conjunction with the three documents submitted by defendant, we are still unable to conclude that the claims were purely contract claims. The “Analysis of Factors, etc.” document submitted by defendant merely reveals that the contractor felt compelled to pay higher rates to laborers and mechanics than the rates specified by the Secretary of Labor in the contract documents, and that such rates were paid with resulting loss to the contractor. The document in question refers to correspondence with the Wage Adjustment Board and with the Secretary of Labor. The document further complains about “feather bed” practices on the part of the unions in the area and the attitude in general of the union organizations. "Whether or not plaintiff’s claim for excess wages paid under these circumstances constituted a valid claim under its contract and was treated ■as such for the purposes of granting or denying it, we do not know. Neither the contract nor the correspondence referred to is before the court. There have been cases before this court where the payment of rates in excess of the rates specified in the contract has entitled the contractor to legal relief in the way of reimbursement. Other cases have held to the *311 contrary. It is impossible to determine from the record before ns into which category this particular claim falls. We note that the Certificate of Completion, submitted by defendant, has the following comment to make with respect to this claim:
This claim was never formally presented by the Contractor. Upon informal assertion of the claims by the Contractor, he was advised that the claim would receive no consideration, unless asserted in greater detail, and in such manner as to be susceptible to analysis. No further presentation of the claim was made; no voucher was ever filed. The claim is, in any event, general in its nature and not one that arises out of the operations of the contract.
The above quoted statement appears to bear out plaintiff’s contention that its claim does not arise out of the contract.
The second claim reserved in the Release is one for overtime wages which the contractor was forced to pay because of the extreme pressure for occupancy. In the documents submitted by defendant it appears that the contractor believed it had been misinformed by the project manager as to its rights under Government regulations on overtime pay compensation. With respect to this claim, the Certificate of Completion contains the following statement:
This claim does not arise under the terms of the contract but is outside the scope thereof, being based upon the establishment by Executive Order of a 48 hour working week. This claim was informally asserted by the Contractor in his letter of March 19, 1943, and was disallowed by letter dated April 9, 1943.
Again we are unable to determine from the record before us the true nature of this claim, although the above quoted statement appears to bear out plaintiff’s contention that the request was for equitable rather than legal relief.
The remaining claims relative to losses suffered because of acts of the Government, inadequate priorities, acts of God, and refusal of the project manager to grant change orders, are discussed to a limited extent in the documents submitted by the defendant, but those documents completely fail to conclusively identify these claims as legal or contract *312 claims. With respect to this last group of claims reserved by plaintiff in its Certificate of Eelease, the contracting agency in its Certificate of Completion has the following to say:
This claim was asserted informally and without any specification of the amount involved by the Contractor’s letter of March 19,1943, and was rejected by the Eegional Office April 9, 1943.
In our opinion, the true nature of this group of claims can only be determined by a trial on the merits.
The defendant has not in its brief advised us of its reasons for believing that the documents submitted reveal the claims to be requests for legal relief. Defendant merely says that the claims were “obviously insufficient to apprise the agency that it was being asked to grant extra-legal relief under the First War Powers Act for losses sustained in the performance of war contracts.” A careful reading of the few documents before us, and judicial notice of the fact that similar claims by contractors in other cases before this court have been held to entitle the contractor to no legal relief, persuade us that the true nature — equitable or legal — of plaintiff’s requests for relief, is not free from doubt on the present state of the record. The burden of showing the absence of a genuine issue of material fact which would justify granting summary judgment, is upon the party asking for summary judgment. In passing upon such a motion, doubts as to the existence of a genuine issue should be resolved in favor of the party against whom the motion is directed.[2] The claims urged by plaintiff as requests for extra-legal relief are susceptible of more than one interpretation depending upon many matters not before the court, such as the terms of the contract and the negotiations and dealings between the parties. The Certificate of Completion submitted by defendant denies all the claims reserved and characterizes the excess wage claim and the overtime claim as extra-legal. All that the documents submitted by defendant have accomplished is to convince us that a genuine issue does exist as to the true nature *313 of plaintiff’s requests for relief. On the record relied on by-defendant we have no alternative but to deny defendant’s request for summary judgment.
Defendant also urges that plaintiff’s petition is deficient because it fails to allege that plaintiff sustained losses, and because it does not set forth the profits and losses of plaintiff on other Government contracts. In the first paragraph of the petition it is alleged that plaintiff has filed a so-called hardship claim with the contracting agency under the Lucas Act for the net amount of $96,305.65 lost by plaintiff in the performance of the Rosiclare housing project contract. We think that a possible interpretation of the use of the word “net”, plus the reference to the Lucas Act and to the claim filed with the contracting agency, is that such loss is “net” after offsetting plaintiff’s gains and losses from other Government contracts. However, the petition is ambiguous in this respect and a clear statement concerning plaintiff’s war contracts and its net losses therefrom, should appear in the petition.
Defendant’s motion for summary judgment is denied, and plaintiff is given thirty (30) days within which to file an amended petition.*
It is so ordered.
Madden, Judge; Whitaker, Judge; Littleton, Judge; and Jones, Chief Judge, concur.

 60 Stat. 902 as amended by Public Law 773, 80th Congress, 2nd Session, 62 Stat. 869.

 See Golden v. Popper Shoe Corp., 94 F. Supp. 100; Cronin v. Petterson Lighterage & Towing Corp., 96 F. Supp. 608; Grimes, et al. v. New York Life Insurance Co., 84 F. Supp. 989; Fluid Systems, Inc. v. Great Lakes Equipment Co., 98 F. Supp. 220; Spur Bottling Co. v. Canada Dry Ginger Ale, Inc., 98 F. Supp. 972. Dewey v. Clark, 180 F. (2d) 766.

 Amendment to amended petition of May 7, 1951, filed.