Whitakek, Judge,
delivered the opinion of the court:
Plaintiff sues for the salary he lost because of his alleged illegal separation from the service. His case is before us on motions for summary judgment by both parties.
It is manifest that plaintiff’s motion cannot be granted. The defendant controverts several facts asserted by plaintiff, the establishment of which is necessary to a recovery. In such case, of course, a motion for summary judgment cannot be granted.
One ground of defendant’s motion is that plaintiff’s suit is barred by laches. Plaintiff has been diligent, indeed assiduous, in bringing his grievance to the attention of the courts, but it was nearly six years before he brought it to' the attention of this tribunal, which is the only one that can give him redress. He first sought redress in the District Court for the District of Columbia. This was on April 29, 1946. That court granted defendant’s motion for summary judgment on January 31,1949, and plaintiff appealed to the Court of Appeals for the District of Columbia. The appeal was subsequently dismissed.
Then, on June 27 of the same year, plaintiff brought another suit in the District Court for the District of Columbia. This second suit was decided against him by the District Court and by the Court of Appeals.
Finally, almost six years after the acts of which he complains, he resorted to the proper tribunal.
*634 Plaintiff chose to act as his own attorney, a risky business for anyone, lawyer or no. He was ignorant of the proper tribunal from which to seek redress; he went from door to door, but each was the wrong one, until finally he came here. He would have done much better to have employed a lawyer who could have “steered him right.” But we cannot say that he slept on his rights. He continued to assert them as best he knew how. We do not think he should be charged with laches because he was ignorant of the proper tribunal to which to appeal. His suit in this court was brought within the statutory period.
Throughout the period of delay, the defendant knew plaintiff was claiming he had been wrongfully discharged, and, hence, that it might have to give him his back pay, and so it would seem improbable that his delay in resorting to the proper tribunal operated to defendant’s prejudice. At any rate, we think defendant’s motion for summary judgment on this ground should be denied, whatever we may do when the full facts are before us.
We do not think the judgments of the District Court and of the Court of Appeals for the District of Columbia are res judicata, because they did not have jurisdiction of the action asserted.
Both plaintiff’s and defendant’s motions for summary judgment are denied.
Howell, Judge' Madden, Judge; Littleton, Judge; and Jones, Chief Judge, concur.