McDOUGALL v. UNITED STATES CIVIL SERVICE COMMISSION et al.

No. 11427.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 17, 1952.

Decided Feb. 5, 1953.

Writ of Certiorari Denied June 1, 1953.

362

Warren E. Miller, Washington, D. C., for appellant.

Joseph Kovner, Attorney, Department of Justice, Washington, D. C., with whom Charles M. Irelan, U. S. Atty. and Edward H. Hickey, Attorney, Department of Justice, Washington, D. C., were on the brief, for appellees. Joseph M. Howard, Asst. U. S. Atty. at the time the brief was filed, and Lewis A. Carroll, Asst. U. S. Atty., Washington, D. C., entered appearances for appellees.

Before EDGERTON, WILBUR K. MILLER, and FAHY, Circuit Judges.

EDGERTON, Circuit Judge.

The question is whether appellant is covered by § 2 of the Veterans' Preference Act of 1944, 58 Stat. 387–388, as amended, 5 U.S.C.A. § 851, which gives preference in government employment to "(4) those ex-servicemen and women who have served on active duty in any branch of the armed forces of the United States, during any war, or in any campaign or expedition * * *." We agree with the District Court that appellant is not covered.

On June 15, 1918, appellant was inducted into military service by a local draft board in Pittsburgh, Pennsylvania, and ordered to Camp Humphreys, Virginia. There he was given a uniform and a rifle and took a regular part in drills, trench digging, details, guard duty and K.P. A drill sergeant noticed that appellant's right index finger was missing. Selective Service Regulations, 1917, Sec. 174, as amended, C.S.S.R. No. 1, January 21, 1918, provided for "final acceptance or rejection" no later than one month after induction. On June 28, thirteen days after induction, the army rejected appellant for military service because of his pre-existing physical disability. He was paid $25.30 and given a certificate of "discharge from draft".

In Patterson v. Lamb, 329 U.S. 539, 67 S.Ct. 448, 450, 91 L.Ed. 485, a man inducted by his draft board on Armistice Day, November 11, 1918, and discharged without going to camp, sought to require the Secretary of War to give him a certificate of honorable discharge from the army in place of the "discharge from draft" that had been given him. In rejecting Lamb's claim the Supreme Court said: "we are satisfied that the War Department was within its power in granting a discharge from draft rather than the type of discharge it granted soldiers who performed military service after having become fully and finally absorbed into that service. * * * despite the fact that draftees became subject to military law and duty from the moment of their arrival for entrainment at the local board, Selective Service Regulation 174–176 provided that they nevertheless were not finally accepted for military service, and could be rejected after arrival at camp. And it was not until they had been finally accepted that they could or would be assigned to full-fledged duty as soldiers." 329 U.S. at pages 542, 543–544, 67 S.Ct. at page 450. Thus even a man who reached camp did not become a "full-fledged" soldier if he was rejected within the period prescribed by the regulations.

The "mere performance of some type of military service" is not necessarily enough to make one an "ex-serviceman" within the meaning of the Veterans' Preference Act. In Mitchell v. Cohen, 333 U.S. 411, 417, 68 S.Ct. 518, 92 L.Ed. 774, the Court so held with respect to a man who had been a member of the Voluntary Port Security Force of the Coast Guard Reserve.

We think the principles of Patterson v. Lamb and Mitchell v. Cohen apply here. In order to be one of the "ex-servicemen" whom Congress intended to benefit we think a man must have been a "full-fledged" soldier, "finally accepted for" and "absorbed into" military service.

Affirmed.