Howell, Judge,
delivered the opinion of the court:
Plaintiff seeks to recover an amount representing salary for a period during which he was separated from the government service, on the ground that his separation was procedurally defective and therefore unlawful and improper. The case is presently before us on motions by plaintiff and defendant for summary judgment.
The facts, as appearing from the allegations of the petition and documents and affidavits submitted by the parties, can briefly be summarized as follows. During the period here involved, plaintiff, a disabled World War I veteran with permanent Civil Service status, was at the top of the Retention Preference Register in his agency, the Reconstruction Finance Corporation (hereinafter referred to as the RFC). He had been a government employee for a period in excess of 18 years, during which time his services had been entirely satisfactory.
*832 Oil July 25, 1947, while serving as an Assistant Auditor, Grade 11, in the Audit Division, Office of the Comptroller, RFC, plaintiff received an efficiency rating of “Unsatisfactory” for the period from January 25,1947, to July 11,1947. On September 18,1947, plaintiff received a notice of separation because of this efficiency rating, effective 30 days from the receipt thereof. Attached to the notice were statements of performance requirements for plaintiff’s position, and statements from the officials who prepared and reviewed plaintiff’s rating.
In a letter dated September 23,1947, to the Chief, Division of Personnel, RFC, plaintiff protested the rating he had received. This official replied on October 6, 1947, advising plaintiff that the proper course to take was to appeal the rating to the RFC Efficiency Rating Board of Review, which plaintiff did the following day. Plaintiff was separated from the service at the close of business October 19, 1947, before the Board had taken any action on his appeal.
The RFC Efficiency Rating Board of Review conducted hearings on plaintiff’s appeal on December 19 and December 30.1947, and in an opinion dated January 5, 1948, rendered a decision raising plaintiff’s efficiency rating from “Unsatisfactory” to “Good.” Following this decision, plaintiff was reinstated to his former grade and position effective January 12.1948.
On June 25,1948, plaintiff presented to the Chief, Division of Personnel, RFC, a claim for reimbursement of salary for the period during which he had been separated from government service, based on the provisions of the Act of June 10, 1948, 62 Stat. 354, 5 U. S. C. (Supp. V) § 652 (b) (1). This claim was denied on June 29, 1948, on the ground that the Act of June 10, 1948, was not retroactive and could not be used as authority for the payment of salaries for periods prior to its enactment.
Plaintiff’s claim in this court is founded[1] on the Act of July 31,1946, 60 Stat. 751, 5 U. S. C. (1946 Ed.) § 669 (a), which reads as follows:
*833 No employee in any civilian position in the executive branch of the Government of the United States, other than an employee in or under the field service of the Post Office Department or any employee of the Tennessee Valley Authority, shall be rated as to efficiency except under a "system of efficiency ratings approved by the Civil Service Commission, and that the provisions of section 669 of this title shall apply to all efficiency ratings under rating systems approved by the Civil Service Commission.
The Civil Service Commission is authorized to make and publish rules and regulations for the administration of the provisions of this section.[2]
The pertinent portion of section 669 of 5 U. S. C. (1946 Ed.), referred to in the above quoted statute, is as follows:
Reductions in compensation and dismissals for inefficiency shall be made by heads of departments in all cases whenever the efficiency ratings warrant, as provided herein, subject to the approval of the commission.
It is plaintiff's position that in effecting his removal from government service for inefficiency, the RFC committed substantial procedural errors in violation of Civil Service Rules and Regulations. Plaintiff contends (1) prior warning that he was to receive an “Unsatisfactory” rating should have been given, (2) the “Unsatisfactory” rating was a “Special” rating which could not properly be used as the basis for a dismissal, and (3) there was a failure on the part of the RFC to secure the approval of the Civil Service Commission of the proposed separation, as required by regulations.
With respect to the contention that plaintiff was not given the warning required by regulations before receiving an efficiency rating of “Unsatisfactory”, we are referred to the Federal Personnel Manual, Chapter El, p. 13, August 7, 1945. The cited section advises agencies of the desirability of discussing proposed efficiency ratings with employees before the final rating is issued, stating in part “In any case, it [discussion of the rating with the employee] should be done before the employee receives a cold, formal, unexplained *834 notice of bis rating”. As we indicated in Dixon v. United States, 122 C. Cls. 332, 339, this section is merely advisory. While a warning requirement has since been made a part of tbe Federal Personnel Manual, Chapter El, p. 15, November 24, 1947, tbis requirement does not appear to have been in effect during tbe period here pertinent. We bold, therefore, that this contention is without merit.
Plaintiff next contends that the rating used as the basis’ for his separation from the service was a “Special” rating, which could not properly .be used as the basis for such action. The Federal Personnel Manual, Chapter El, pp. 5-6.01, September 9,1946, in effect at the time of plaintiff’s separation, provides for three kinds of official efficiency ratings, viz., regular, probational, and special. Under the heading “Special Eatings”, the following appears:
When made. — A special rating is to be made when there is no appropriate current official rating on record and one is needed for determining eligibility for periodic within-grade salary advancement or for determining retention preference in reduction in force. A special rating shall not be made for the purpose of revising an existing appropriate current official rating. Neither shall it be made to effect the summary dismissal or salary reduction of an employee.
Under the heading “Characteristics of Official Eatings”, on the same page of the Manual, it is stated:
The following requirements apply to all official ratings (regular, probational, and special) :
* * * * *
(7) In case of an “Unsatisfactory” rating, reassignment, demotion, or separation is required in accordance with regulations.
* * * $ $
These regulations can only be construed to mean that while a “Special” rating cannot be made for the sole purpose of effecting the summary dismissal or salary reduction of an employee, such a rating can be used, under appropriate circumstances, as the basis for adverse action.
Plaintiff says that the sole purpose of the “Special” rating given him was to effect his summary dismissal. Defendant urges that while the rating was used as the basis for such *835 action, it was not made for the purpose of separating plaintiff from government service. These conflicting positions present a genuine issue as to a material fact. If it can be established by the evidence that plaintiff’s contention is correct, he is entitled to recover. Simon v. United States, 113 C. Cls. 182. The granting of summary relief to either plaintiff or defendant under these circumstances is therefore improper. Baxter v. United States, 122 C. Cls. 632; Assets Service Corporation v. United States, 121 C. Cls. 308.
Plaintiff finally contends that his separation on October 19, 191-7, was procedurally defective in that the RFC was required either to obtain the approval of the Civil Service Commission as a condition precedent to his dismissal, or it was required to afford the Commission an opportunity to suspend the proposed action until a decision had been reached by a Board of Beview, both of which requirements were violated.
Defendant first argues that no requirement of approval by the Commission was in effect as to the RFC until March 3, 1918, the date on which the RFC issued Efficiency Rating Regulations containing the requirement. Defendant next urges that it has not been shown whether approval of the Commission was obtained or not. Finally, defendant says, even if approval of the proposed action was not requested by the RFC, plaintiff has not been prejudiced, for the reason that had approval been requested, it would have been forthcoming as a matter of course.
Defendant’s contention that no requirement of approval by the Commission was in effect as to the RFC until March 3, 1918, is without any merit whatever. Aside from the question of whether the purposes of the Act of July 31,1946, supra, could be defeated by the failure of an agency to issue regulations until approximately a year and a half after the passage of the Act, it is clear from the regulations issued by the RFC on March 3, 1948, that it had in fact become subject to Civil Service Commission Regulations long prior to the date of plaintiff’s separation.
Whether or not the required approval of the Commission was requested is a factual question, which as defendant points out cannot be resolved from the record now before us. Al *836 though there is an indication that some of the records on this question have been destroyed, we are of the opinion that plaintiff should have an opportunity to present such evidence as can be found, and we consequently remand the case to a Commissioner of this court for the taking of testimony on this issue and on the issue of the purpose of the “Special” efficiency rating used as the basis for plaintiff’s separation.
We defer ruling on defendant’s final contention that in any event plaintiff was not prejudiced by the alleged failure of the RFC to request the Commission’s approval of the proposed action until such time as all of the facts are before us. Plaintiff’s and defendant’s motions for summary judgment are denied, and the case is remanded for further proceedings in accordance with this opinion.
It is so ordered.
MaddeN, Judge; Whitaker, Judge; LittletoN, Judge; and JoNes, Chief Judge, concur.

 Plaintiff does not contend that the Act of August 24, 1912, 37 Stat. 555, 5 U. S. C. (1946 Ed.), § 652, the Veterans’ Preference Act of 1944, 58 Stat. 390, as amended 61 Stat. 723, 5 U. S. C. (Supp. V), § 863, or the Act of June 10, 194S, supra, are applicable.

 Section 2 of the Act of July 81, 1946, provided that it would be effective on enactment, with exceptions not here material. Note, 5 U. S. C. (1946 Ed.), § 669 (a). Section 669 (a) was repealed by the Performance Rating Act of 1950, 64 Stat. 1100. See 5 U. S. C. (Supp. V), §§ 2001-2007.