## SMITH v. UNITED STATES.
### No. 49881.

United States Court of Claims.
March 2, 1954.

Claude L. Dawson, Washington, D. C., for plaintiff.

Gordon F. Harrison, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER and MADDEN, Judges.

JONES, Chief Judge.

This case is before us on plaintiff's and defendant's motions for summary judgment.

The facts as stated in the petition are not in dispute and may be briefly summarized. Plaintiff is a veteran's preference eligible under the Veterans' Preference Act of June 27, 1944, 5 U.S.C.A. § 851 et seq. He was employed at the Portsmouth Naval Shipyard as Inspector of Shipbuilding, Mechanical, CAF–9, from September 15, 1944, until December 12, 1949, at which time he was demoted to the classification of Machinist, Inside.

Upon receiving notice of this demotion with its attendant reduction in compensation, plaintiff appealed such action to the First Regional Area, United States Civil Service Commission, and that body set aside plaintiff's reduction in grade and pay, ordering that he be restored to the position previously held, effective on the date following the day of his change to a lower grade. Restoration actually occurred on March 7, 1950, and plaintiff now sues for the difference between the pay actually received from December 12, 1949, to March 7, 1950, and that which he would have received in the higher grade.

The issue presented is whether the retroactive restoration of a demoted veteran's preference eligible by the Civil Service Commission, under the facts summarized above, entitles the employee to back pay in the higher grade for the period involved. Defendant contends that inasmuch as restoration was not based on a violation of plaintiff's procedural rights under section 14 of the Veterans' Preference Act,[1] he is not so entitled. We do not agree.

While it appears undisputed that plaintiff's demotion involved no procedural defect, it does not necessarily follow that recovery is precluded here. Section 14 of the Act, supra, provides, *inter alia:*

"No * * * preference eligible * * * shall be * * * reduced in rank or compensation * * * except for such cause as will promote the efficiency of the service

1. Veterans' Preference Act of 1944, 58 Stat. 390, as amended 61 Stat. 723, 5 U.S.C.A. § 863.

* * * and the person whose * * * reduction in rank or compensation is sought shall * * * have the right to appeal to the Civil Service Commission from an adverse decision of the administrative officer *so acting* * * *; after investigation and consideration of the evidence submitted, the Civil Service Commission shall submit its findings and recommendations to the proper administrative officer and shall send copies of the same to the appellant or to his designated representative, and *it shall be mandatory for such administrative officer to take such corrective action as the Commission finally recommends * * *.*" [Italics ours.]

Defendant points out that this court has held that in the absence of a showing of bad faith on the part of the officials effecting it, we would not review a demotion accomplished in the manner prescribed by the statute. Stringer v. United States, 1950, 90 F.Supp. 375, 117 Ct.Cl. 30. See also Elchibegoff v. United States, 123 Ct.Cl. 709, certiorari denied 345 U.S. 943, 73 S.Ct. 836, 97 L.Ed. 1369; Love v. United States, 98 F.Supp. 770, 119 Ct.Cl. 486, certiorari denied 342 U.S. 866, 72 S.Ct. 106, 96 L.Ed. 651. This we regard as a correct statement of the law, but it is inapplicable here since the review of action taken by the Civil Service Commission is not in issue. We are not asked to *review* the Commission's action, but rather to determine the rights of plaintiff arising from it. The Commission considered the merits of the case and recommended that plaintiff be restored to the higher grade retroactively. The statute quoted above makes that recommendation mandatory on the agency involved. In the case of Goodwin v. United States, Ct.Cl., 118 F.Supp. 369, 370, we stated:

" * * * the Civil Service Commission recommended that the plaintiff be restored to his former rank * * * [retroactively]. Compliance with that recommendation would have required that the Naval Shipyard pay the plaintiff the wages he lost because of his demotion, back to the date of his demotion."

On the question of whether the mandatory "corrective action" provided for in section 14, supra, authorizes back pay we pointed out further that:

"When Congress authorized the Civil Service Commission to hear the demoted veteran's appeal and recommended to the employing agency correction of its treatment of him, it could not have been unaware that the most important element of relief for wrongful demotion, next to restoration to his former status, was back pay."

Accord, Wettre v. Hague, D.C., 74 F. Supp. 396, 398; Fischer v. Haeberle, D. C., 80 F.Supp. 652.

We conclude that on the facts presented plaintiff is entitled to recover the difference in pay of an Inspector of Shipbuilding, Mechanical (CAF–9), and that of Machinist, Inside, for the period December 12, 1949, to March 7, 1950, judgment to be suspended pending determination of the exact amount due.

Defendant's motion for summary judgment is dismissed.

It is so ordered.

MADDEN, WHITAKER and LITTLETON, Judges, concur.