LittletON, Judge,
delivered the opinion of the court:
Plaintiff sues to recover the sum of $40.40 which he alleges was wrongfully deducted from his salary check of February 27,1952. The case is before the court on plaintiff’s motion for summary judgment and defendant’s motion to dismiss the petition. The facts are undisputed even as to the amount due, if any.
Plaintiff, a veteran, has been employed for many years as an investigator in the Treasury Department. On May 16, 1948, he was reclassified from Special Investigator, CAF-8, in the Alcohol and Tobacco Tax Division to Criminal Investigator at the same grade and salary within that division. At .the time plaintiff did not contest the reclassification, as there was no change in grade, salary, or duties. However, on December 16,1949, after all special investigators, CAF-8, on September 4, 1949, had been upgraded to CAF-9, and plaintiff, as a criminal investigator, performing the same duties, substantially at least, had remained at grade CAF-8, he filed an appeal with the Third Civil Service Begion on the grounds that his reclassification of May 16, 1948, which left him in grade CAF-8, was a violation of his rights under the Veterans’ Preference Act of 1944, 58 Stat. 390, 5 U. S. C 863, as amended 61 Stat. 723, 5 U. S. C. 1946 Edition, Supp. Y, 863.
The Third Civil Service Begion found no violation of plaintiff’s rights under the Veterans’ Preference Act and sustained the reclassification action of the agency. Plaintiff then lodged a further appeal under section. 14 of the Veterans’ Preference Act with the Board of Appeals and Beview of the Civil Service Commission, and on August 22, 1950, that board found in plaintiff’s favor rendering a decision which reads as follows:
It is the decision of the Commission that Mr. Vasey be restored retroactively to the position from which he was improperly reassigned on May 16,1948. If that position, identifiable by the duties and responsibilities he was then charged with, is Special Investigator, he should be restored to that position or a continuing position of like duties and responsibilities and given the benefit of any advance in grade which may have been made in the reallocation of his position as it existed on May 16,1948.
*756 This decision was in accordance with the facts and was binding on the agency as to grade and salary.
' During September 1950, in conformity with this decision, plaintiff’s reclassification of May 16, 1948, was cancelled by the agency in which he was employed, and he was'classified or promoted to CAF-9. His salary check for the period September 8 to September 16,1950, contained the additional sum of $40.40, which represented the difference in salary between that which plaintiff received during the period September 4,1949 to September 2, 1950, and that which he would have received had he been given the CAF-9 grade on September 4, 1949. The agency interpreted the Commission’s decision as directing that back pay be given. This interpretation was correct.
That interpretation, however, was of short duration, for on June 13,1951, following an audit by the General Accounting Office, plaintiff was informed that there was no justification for the payment of the $40.40 and he was instructed to refund that amount. Plaintiff refused and upon his failure to voluntarily make the refund, that sum was deducted from his February 27, 1952, salary check. Upon the rejection of his claim by the Treasury Department, solely because of the decision of the General Accounting Office, plaintiff came to this court.
The Civil Service Commission in such matters is superior to the General Accounting Office. Under the decision of the Civil Service Commission which is mandatory on the agency involved, plaintiff’s reclassification of May 16, 1948, was set aside and he was to be restored retroactively to the position of Special Investigator, CAF-8, which had been improperly taken from him on that date. The decision further provided that he be given the benefit of any advance in grade which might have been made in that position. Since all grade CAF-8 special investigators had been advanced to the grade of CAF-9 on September 4, 1949, plaintiff was likewise entitled to that advancement, as the Civil Service Commission had held. The defendant does not contest any of this but does contend that the restoration decision did not provide for the granting of back pay. In our opinion it did.
*757 This identical argument was made by defendant in the recent cases of Goodwin v. United States, 127 C. Cls. 417, and Smith v. United States, 127 C. Cls. 706. It was rejected in both. On the basis of those decisions, plaintiff is entitled to recover.- Judgment is, therefore, entered for plaintiff in the sum of $40.40.
It is so ordered.
Madden, Judge; Whitaker, Judge; and Jones, Chief Judge, concur.