748

Joseph A. BAXTER
v.
The UNITED STATES.
No. 49994.

United States Court of Claims.

Decided July 13, 1954.

Writ of Certiorari Denied
Jan. 9, 1956.
See 76 S.Ct. 308.

Joseph A. Baxter, pro se.

Francis X. Daly, Washington, D. C., with whom was Asst. Atty. Gen., Warren E. Burger, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

JONES, Chief Judge.

The plaintiff brought this action under the court's general jurisdiction to recover pay due him as a result of his alleged illegal discharge from the Federal service. It has now come before the court on the merits.

Plaintiff, an honorably discharged veteran of World War I, has been a member of the New York bar since 1932. During 1944 and the early months of 1945 he was working as a P–5 attorney in the legal section of the Madison Square Area office of the Manhattan District, which was the unit in the War Department charged with the development of the atomic bomb. In this office there also worked two other civilian attorneys, both nonveterans, one in the grade of P–6 at the time of the incidents here in question, who was plaintiff's immediate supervisor, and one in the grade of P–4. Sometime during the latter part of plain-

tiff's employment in that office it became evident that the work was decreasing in volume and that soon only two lawyers would be needed to handle the load. Because his superiors felt that the plaintiff was less efficient than the P–4 attorney working with him, they determined to make the necessary cut in personnel by dropping the plaintiff.

On March 1, 1945, plaintiff received a letter headed "Subject: Notice of Reduction in Force" informing him that, effective March 30, 1945, he would be "involuntarily separated from the service due to a necessary reduction in force." Plaintiff appealed this action on the part of the agency to the regional Civil Service office which found that plaintiff had not been accorded his rights under section 9(c) of Departmental Circular No. 510 [1] and ordered his reinstatement. Plaintiff was restored on July 9, 1945, and on that same day received a letter headed "Subject: Furlough", whereby he was notified that "due to the abolishment of your position as Attorney, P–5, you will be placed in furlough status for 90 days effective at the close of business this date." Plaintiff again appealed to the Civil Service authorities and they again ordered him restored on the ground that plaintiff did not receive a 30-day advance notice as required by section 14 of the Veterans' Preference Act of 1944, 58 Stat. 387, 5 U.S.C.A. §§ 851–869. He was restored on July 20, 1945, and on that day was given a letter under the heading "Subject: Furlough", which stated in the first paragraph

"1. You are hereby notified that due to lack of work you will be placed in a furlough status for a period of one year effective at the expiration of all accrued annual leave to your credit. Your last active day of duty will be 18 August 1945. During the 30 day notice period you will be assigned to such work as this office may determine."

Plaintiff once more had recourse to the Civil Service Commission but this time without success. By letter of November 19, 1945, he was informed that "the retention preference regulations then in effect have been complied with by the U. S. Engineer Office and that your appeal is disapproved."

Plaintiff was unable to get a further reconsideration of his case by the Civil Service Commission. Except for the periods of reinstatement he remained out of work until September 3, 1946, when he was given a position as P–4 attorney in the New York Quartermaster Purchasing Office. He has been there ever since.

Plaintiff's efficiency ratings over the period in question varied. As of March 31, 1944, his rating was "good." A notice of efficiency rating of "unsatisfactory" as of March 31, 1945, was issued May 21, 1945. Plaintiff appealed this determination and, by decision dated October 29, 1945, it was changed to "fair".

Plaintiff's contention, in the main, is that the attempted dismissal of which he received notice on March 1, 1945, was defective under the ruling of the Civil Service Commission and that the two subsequent actions in regard to furlough were defective because they deprived him of his rights under section 14 of the Veterans' Preference Act, supra, specifically, the requirement for "at least thirty days' advance written notice", and the right to a personal appearance on appeal to the Civil Service Commission. Defendant, in reply, contends that none of the notices here in issue were defective and that the action in each case was according to law.

■■■ We agree with plaintiff and the Civil Service Commission that the dismissal of which he was notified on March 1, 1945, was improper and that he is entitled to pay which he lost as a result until his restoration on July 9, 1945. As to the latter two actions we agree with defendant that they were proper since their legality must be judged primarily in the light of section 12 rather than section 14 of the Veterans' Preference Act.

---

1. Relevant parts of the text are set out in finding 4, infra.

Plaintiff contends that the last two personnel actions were for "furloughs" and as such governed by the provisions of section 14 of the act. It is true that section 14 specifically mentions "furloughed without pay" but that fact alone is not sufficient to prevent the application of section 12 where the personnel action is one pursuant to a reduction in force. Section 12 reads in part:

"In any reduction in personnel in any civilian service of any Federal agency, competing employees shall be released in accordance with Civil Service Commission regulations which shall give due effect to tenure of employment, military preference, length of service, and efficiency ratings: * * * *Provided further,* That preference employees whose efficiency ratings are 'good' or better shall be retained in preference to all other competing employees and that preference employees whose efficiency ratings are below 'good' shall be retained in preference to competing nonpreference employees who have equal or lower efficiency ratings * * *."

We think that an employee furloughed pursuant to a reduction in force has been "released" (or not "retained") within the meaning of section 12. We hold, furthermore, that plaintiff was furloughed in each case pursuant to a reduction in force. The separation notice of March 1 explicitly stated that plaintiff's proposed separation was due to a reduction in force. The two furlough notices did not so state but it is clear from the evidence that the amount of work in plaintiff's section continued to drop throughout that year so that it became ever more imperative to reduce the total number of personnel. In fact, by the end of 1945 plaintiff's supervisor, the P–6 attorney, also left because he felt it was no longer necessary for him to be there.

Since plaintiff was furloughed pursuant to a reduction in force the agency is governed primarily by the provisions of section 12 in executing this personnel action. Plaintiff's efficiency rating at the time of the furlough notices was "unsatisfactory" but it was later changed to "fair." There is, however, no evidence in the record to indicate that the other two lawyers in plaintiff's office had anything but an efficiency rating of "good" or better. We may assume, *arguendo,* that they and plaintiff were "competing employees." Still under section 12, plaintiff, who had an efficiency rating of "fair", had no right in a reduction in force to displace these two non-veteran attorneys when they had an efficiency rating of "good" or better. Moreover, there is no evidence nor did plaintiff attempt to prove that there were any other "competing employees" whom plaintiff would have been entitled to displace.

Nor can plaintiff fall back on section 14. He asserts a right to a 30-day notice and to an appearance on appeal to the Civil Service Commission. But he is not entitled to these rights when his furlough was pursuant to a reduction in force since section 14 relates primarily to dismissals, furloughs, etc., for cause. Ashley v. Ross, 89 U.S.App.D.C. 339, 191 F.2d 655; Laden v. Crosson, D.C., 108 F.Supp. 240. As stated above, plaintiff's dismissal was not for cause but due to a reduction in force.

For these reasons plaintiff is entitled to recover only for the dismissal pursuant to the notice of March 1, 1945, i. e., for the period March 30 to July 9, 1945. Entry of judgment is suspended to await the filing of a report by the General Accounting Office showing the amount due plaintiff in accordance with this opinion. It is so ordered.

LARAMORE, MADDEN, WHITAKER and LITTLETON, Judges, concur.