Opinion

per curiam:

Plaintiff, a veteran’s preference eligible, alleges that on July 24, 1949, lie was improperly demoted from the position of Rating Specialist (Legal), P-5, to the position of Registration Officer, CAF-9, Regional Office, Veterans’ Administration.
He sues for the difference in salary between the two positions from July 24, 1949, through October 10, 1951, when he was finally properly separated from the service.
The facts have been stipulated by the parties.
The reduction of July 24, 1949, was in lieu of separation due to a reduction in force. • At the time of that reduction the retention register for Rating Specialist (Legal) P-5, included the name of one employee, William C. McDougall, *302 who was shown by the register to have higher retention credits than plaintiff, and who was also shown by the register to have been entitled to a veteran’s preference.
In the reduction in force the plaintiff instead of McDougall was demoted, and McDougall was retained in the P-5 position.
After the demotion of plaintiff was made effective it was determined that the retained employee, McDougall, was not entitled to veteran’s preference under the Veterans’ Preference Act of 1944, 58 Stat. 387. The veteran’s preference status of McDougall was withdrawn and on April 7, 1950, he was furloughed due to a second reduction in force, effective August 1, 1950, his last day of duty being April 15, 1950.
McDougall contested the removal of Ms veteran’s preference status. The issue was finally resolved by the Supreme Court when, on June 1, 1953, it denied certiorari in the case of McDougall v. United States Civil Service Commission, 202 F. 2d 361, in which case the court decided that Mc-Dougall was not entitled to a veteran’s preference status.
In the meantime, effective April 10, 1950, two employees, Henry E. Eobinson, Jr., and Harold K. Leitch, due to a second reduction in force, were demoted from Eating Specialist (Legal) GS-12, to positions of Adjudicator, GS-9. Both these employees had higher retention credits in the Eating Specialist (Legal) GS-12 competitive level than plaintiff would have had, had he rather than McDougall, been retained in the position of Eating Specialist (Legal) P-5 (GS-12) at the time of the first demotion.
The defendant concedes that it made a mistake in demoting plaintiff rather than McDougall on July 24, 1949, in the first reduction in force.
The issue is whether plaintiff is entitled, as he claims, to the difference in salary attached to the two positions from July 24, 1949, through October 10, 1951, at which time he was properly separated from the service; or, as defendant claims, he is entitled to recover that difference only to the time of a second reduction in force, April 10,1950, when two men with higher retention credits in the Eating Specialist (Legal) GS-12 competitive level were demoted.
*303 The parties have stipulated that if recovery is had for the first period the amount would be $2,790.98, and that if limited to the date of April 10, 1950, the amount is $734.52.
This issue was before the court in Brennan v. United States, 123 C. Cls. 326, cert. den., 344 U. S. 935, and O’Brien v. United States, 129 C. Cls. 752, both of which decisions support the position taken by the defendant.
The plaintiff is entitled to recover the sum of $734.52.
It is so ordered.
FINDINGS OE FACT
The court, having considered the evidence, the facts as stipulated by the parties, and the briefs and argument of counsel, makes findings of fact as follows:
1. Plaintiff is a citizen of the United States and a preference eligible within the meaning of the Veterans’ Preference Act of 1944, as amended.
2. On July 24, 1949, plaintiff was reduced from the position of Eating Specialist (Legal), P-5, to the position of Eegistration Officer, CAF-9, by the Eegional Office, Veterans’ Administration, Pittsburgh, Pennsylvania, as the result of reduction in force.
3. At the time plaintiff was demoted due to reduction in force, one William C. McDougall was given veteran’s preference and retained in the P-5 (GS-12) competitive level.
4. Subsequent to the demotion of plaintiff due to reduction in force, it was determined that the retained employee, William C. McDougall, was not properly entitled to veteran’s preference under the Veterans’ Preference Act of 1944. The veteran’s preference status of William O. McDougall was withdrawn and, on April 7, 1950, he was furloughed due to reduction in force, effective August 1, 1950, his last day of active duty being April 15,1950 (Exhibit 1 to the Stipulation of Facts).
5. The exact legal status of William C. McDougall as a veteran’s preference eligible or a non-veteran was not finally determined until the Supreme Court on June 1,1953, denied certiorari in the case of McDougall v. United States Civil Service Commission, 202 F. 2d 361 (1953), in which case the United States Court of Appeals for the District of Columbia *304 Circuit held that William C. McDougall was not entitled to a veteran’s preference.
6. Effective April 10, 1950, two employees, Henry E. Eobinson, Jr., and Harold K. Leitch, in the competitive level of Eating Specialist (Legal), GS-12, were demoted due to reduction in force to positions of Adjudicator, GS-9. Both of these employees had higher retention credits in the Eating Specialist (Legal), GS-12 competitive level than plaintiff would have had if he had been retained in his former GS-12 position (Exhibits 2, 3 and 4 to the Stipulation of Facts).
7. The Veterans’ Administration did not inform plaintiff of its action on William C. McDougall, or of the existence or content of the-Detention Eegister marked Exhibit 2, nor notify plaintiff of a reduction effective April 10, 1950, or any later date, while he was employed up to October 10,1951.
8. The loss of salary suffered by plaintiff for the period July 24, 1949 to April 9, 1950, amounted to $734.52, computed as follows:

9. For the period from July 24, 1949, through October 10, 1951, the date plaintiff was finally properly separated due to reduction in force, plaintiff received total basic salary in the amount of $13,127.05.
10. Had plaintiff remained in the P-5 (GS-12) position from July 24, 1949 through October 10, 1951, the date he was finally properly separated due to reduction in force, he would have received $15,918.03.
11. The difference in the salary plaintiff received in the CAF-9 position and the salary he would have received had he remained in the P-5 (GS-12) position through October 10,1951, is $2,790.98.
*305 CONCLUSION OF LAW
Upon the foregoing findings of fact, which are made a part of the judgment herein, the court concludes as a matter of law that the plaintiff is entitled to recover, and it is therefore adjudged and ordered that he recover of and from the United States seven hundred thirty-four dollars and fifty-two cents ($734.52).