**Harris ELLSWORTH, Chairman Civil Service Commission, et al., Appellants,**

**v.**

**Edgar V. MAHER, Appellee.**

**No. 14281.**

United States Court of Appeals District of Columbia Circuit.

Argued April 17, 1958.

Decided June 12, 1958.

Certiorari Denied Oct. 13, 1958.

See 79 S.Ct. 62.

---

9. 1940, 309 U.S. 206, 60 S.Ct. 493.

10. Id., 309 U.S. at page 208, 60 S.Ct. at page 495.

Mr. Donald L. Young, Atty., Dept. of Justice, of the bar of the Supreme Court of Wyoming, pro hac vice, by special leave of Court, with whom Messrs. Oliver Gasch, U. S. Atty., and Paul A. Sweeney, Atty., Dept. of Justice, were on the brief, for appellants. Messrs. Lewis Carroll, Harold D. Rhynedance, Jr., Asst. U. S. Attys., Samuel D. Slade and Morton Hollander, Attys., Dept. of Justice, also entered appearances for appellants.

Mr. Claude L. Dawson, Washington, D. C., for appellee.

Before EDGERTON, Chief Judge, and FAHY and BASTIAN, Circuit Judges.

PER CURIAM.

The plaintiff Maher, a veterans' preference eligible employed by the Veterans Administration, was reduced in grade because of a reduction in force. The question is whether one Friedman, who was retained in the plaintiff's former grade, was entitled to veterans' preference. If he was not, he should have been demoted instead of the plaintiff.

Friedman was drafted and sent to camp July 17, 1918. On July 21, 1918 he was discharged from the draft as physically unfit. Since 1942 he has worked continuously for the government. In Hurley v. Crawley, 1931, 60 App.D.C. 245, 50 F.2d 1010, we held that a man discharged from draft was an honorably discharged soldier entitled to preference under the Acts then in effect. Accordingly a Civil Service Commission Minute of June 10, 1931 provides: "Persons presenting discharges from draft are entitled to preference regardless of the length of their military service. * * " The Veterans' Preference Act of 1944, chap. 287, § 18, 58 Stat. 391, 5 U.S.C.A. § 867, provides that it "shall not be construed to take away from any preference eligible any rights heretofore granted to, or possessed by, him under any existing law, Executive order, civil-service rule or regulation, of any department of the Government or officer thereof." We think it follows that the District Court erred in holding that Friedman was not entitled to preference.

In McDougall v. United States Civil Service Commission, 1953, 92 U.S.App. D.C. 69, 202 F.2d 361, certiorari denied 345 U.S. 969, 73 S.Ct. 1111, 97 L.Ed. 1386, we held that a man in substantially Friedman's position was not one of the "ex-servicemen" on whom a preference was conferred by § 2 of the 1944 Act, 58 Stat. 387–388, as amended, 5 U.S.C.A. § 851, because the man never became a "full-fledged" soldier. But that case seems to have been submitted and decided without adverting to the saving clause of the 1944 Act, quoted above, and the preference rights that the man had previously acquired.[1]

Reversed.

---

1. A Civil Service Commission Minute of May 20, 1954 recognizes that "persons discharged from the draft in World War I * * * are entitled to preference under the prior law; and that under section 18 of the Veterans' Preference Act preference cannot be withdrawn if the employee was in the service on the date of the Act and has been continuously employed since that date without a break in service."

Doubtless Friedman could not require the Secretary of War to give him a certificate of honorable discharge from the army in place of the "discharge from draft". Patterson v. Lamb, 329 U.S. 539, 67 S.Ct. 448, 91 L.Ed. 485. But that is not the issue here.