Davis, Judge,
delivered the opinion of the court:
Plaintiff, a civil service employee but not a veteran, served as a Supervisory Legal Assistant, grade GS-12, at the Air Force Accounting and Finance Center in Denver. In the course of a reduction in force, in 1957, the Center decided to abolish one of four similar positions of Supervisory Legal Assistant, GS-12. As the employee in that competitive level with the least retention credits, plaintiff was the one demoted; she was forced to fall back to a GS-7 position but ultimately reattained grade GS-12. She sues for the pay lost because of this demotion. Her claim is that the demotion was wholly invalid because it was the result of an unlawful conspiracy, spearheaded by a fellow-employee who became her superior, to have her lose her GS-12 position. She alleges that this supervisor deliberately schemed to give a paper promotion to grade GS-12, on the same competitive level as plaintiff, to a personal friend of his who was a veteran, so that plaintiff would be the one reduced in force in the contemplated contraction of that level. The veteran friend is said not to have performed the functions of the position to which he was ostensibly promoted, but merely to have officially filled the slot. In support of these assertions, plaintiff has submitted numerous affidavits of fellow employees. Denying that any such conspiracy existed and insisting that the reduction in grade was wholly regular, the Government has filed a number of affidavits by workers at the Accounting and Finance Center in support of its position. It is clear from the contradictory materials proffered to us that plaintiff cannot prevail on her motion for summary judgment; to win her lawsuit she would have to prove her charges at a trial. The only substantial question at the present stage is whether she should have that opportunity or whether the defendant’s motion for summary judgment should be granted.
*520 We are not called upon to determine whether plaintiff’s allegations and affidavits make out a sufficient factual case to warrant a trial. Whatever the event, a trial would turn out to be an unnecessary burden to court and parties, for even if plaintiff should prove her allegations to the hilt this court could not grant her the only relief she seeks, or could seek, from us. The court has consistently held that a non-veteran civil service employee who has been demoted cannot secure the lost pay, even though the demotion was illegal or was later set aside; the basis for this holding is that there is no statute authorizing such an award to a non-veteran in the case of a demotion (as distinguished from a removal or suspension) . In Stringer v. United States, 117 Ct. Cl. 30, 46, fn. 1, 90 F. Supp. 375, 377, fn. 1 (1950), the court declared, while holding a veteran entitled to back pay for a demotion, that Section 6 of the Lloyd-LaFollette Act of August 24, 1912, 5 U.S.C. 652 — the general provision granting persons in the classified civil service rights against certain adverse personnel actions — was inapplicable to demotions “since it is concerned only with removals from the civil service.” In Gregory v. United States, 123 Ct. Cl. 794, 107 F. Supp. 840 (1952), a veteran was allowed to recover back pay owing as the result of an improper demotion, but the court unanimously agreed with the Government that the Lloyd-LaFol-lette Act, supra, “provides for the award of back pay only in the case of an unwarranted suspension, discharge, or furlough without pay, and not in the case of an improper demotion in grade and salary * * *” (p. 798; see also pp. 799-800, 801). Recently, in Walker v. United States, 156 Ct. Cl. 712 (1962), the court by order granted the Government’s motion to dismiss and dismissed, on the authority of the Gregory case, a petition for back pay by a non-veteran civil servant who charged that his demotion was illegal.[1] See, *521 also, Goodwin v. United States, 127 Ct. Cl. 417, 420-21, 118 F. Supp. 369, 370 (1954); Adler v. United States, 129 Ct. Cl. 150, 153 (1954); Ball v. United States, 133 Ct. Cl. 841, 845, 137 F. Supp. 740, 745 (1956), cert. denied, 352 U.S. 827.
These decisions are dispositive of plaintiff’s case unless, as her counsel suggested at the oral argument, the recent Executive Orders giving new and greater rights to non-veteran civil servants have changed the law applicable to plaintiff’s right to sue for back pay. Executive Order 10987, signed January 17,1962,27 Fed. Reg. 550 (“Agency Systems for Appeals from Adverse Actions”), required most federal agencies (including the Department of the Air Force) to “establish within the department or agency a system for the reconsideration of administrative decisions to take adverse action against employees”, but also provided that “this order shall become effective as to all adverse actions commenced by issuance of a notification of proposed action on or after July 1, 1962,” i.e., some six months after the issuance of the Order. The companion Executive Order 10988, likewise signed on January 17, 1962, 27 Fed. Reg. 551 (“Employee-Management Cooperation in the Federal Service”) provided in Section 14 (27 Fed. Reg. 556) for the extension “to all employees in the competitive civil service [of] rights identical in adverse action cases to those provided preference eligi-bles under Section 14 of the Veterans’ Preference Act of 1944, as amended.” [2] But this section, too, was specifically made effective only “as to all adverse actions commenced by issuance of a notification of proposed action on or after July 1,1962.” As directed by the Executive Orders, the Civil Service Commission has issued implementing regulations. 27 Fed. Reg. 3105 (March 30, 1962); 27 Fed. Reg. 4759 (May 18, 1962).
We assume without deciding (or intimating any opinion) that if these Orders and regulations, particularly Executive Order 10988 and the regulation thereunder, applied to plain *522 tiff’s present case[3] sbe would be entitled to recover back pay upon proof that her demotion was improper, since we have held veterans so entitled in comparable circumstances. Stringer v. United States, supra, 117 Ct. Cl. 30, 90 F. Supp. 375 (1950); Gregory v. United States, supra, 123 Ct. Cl. 794, 801, 107 F. Supp. 840, 843 (1952), and cases cited; Smith v. United States, 127 Ct. Cl. 706, 119 F. Supp. 200 (1954); Adler v. United States, supra, 129 Ct. Cl. 150 (1954); McKenna v. United States, 135 Ct. Cl. 301 (1956), cert. denied, 352 U.S. 954. The difficulty is that the Executive Orders are expressly made to apply only to adverse actions commenced on or after July 1, 1962. Plaintiff’s demotion occurred in 1957; by July 1, 1962, she had for about a year and a half been again serving in grade GS-12, to which she was re-promoted on February 19,1961. By their own terms, the new Executive Orders cannot and do not apply to this case. The Stringer, Gregory, and Walker decisions do apply.
Accordingly, there would be no point to a trial of plaintiff’s charges since in no event could this court grant her any relief. The plaintiff’s motion for summary judgment is denied. The defendant’s motion for summary judgment is granted and the petition is dismissed.
Dtjreee, Judge; Laramore, Judge; Whitaker, Judge; and Jones, Chief Judge, concur.

 In the Walker case, the court had before it an extensive discussion by tbe defendant of the legislative history of the original Lloyd-LaFollette Act of 1912 and of the “back pay” amendment of 1948. At the time the original statute was passed, the Senate rejected an amendment which would have required reinstatement of employees who had been improperly demoted. 48 Cong. Rec. 10830 (1912). At the time of the 1948 change, the report of the House Committee on Post Office and Civil Service repeatedly referred to the bill’s purpose as giving the right to back pay to employees improperly removed or suspended without pay. H. Rep. No. 1436, 80th Cong., 2d Sess.

 Section 14 of the Veterans’ Preference Act, 5 U.S.C. 863, relates to discharge, suspension for more than 30 days, furlough -without pay, reduction in rank or compensation, or debarment from future appointment. Reductions in force are governed, not by Section 14, but by Section 12, 5 U.S.C. 861. Fass v. Gray, 197 F. 2d 587 (C.A.D.C., 1952), cert. denied, 344 U.S. 839; Baxter v. United States, 129 Ct. Cl. 254, 136 F. Supp. 748 (1954), cert. denied, 350 U.S. 936 (1956); Adler v. United States, 129 Ct. Cl. 150 (1954).

 In this connection, we also assume argumio that plaintiff would be so entitled (if she proved her case) even though reductions in force are normally governed by Section 12 of the Veterans’ Preference Act, not Section 14 (see footnote 2, supra), and the Executive Order purports to grant non-veterans only the same rights as veterans have under Section 14.