## GREGORY v. UNITED STATES.
### No. A–52.

United States Court of Claims.
Oct. 7, 1952.

Jones, C. J., and Whitaker, J., dissented.

Gerard D. Reilly, Washington, D. C., Reilly, Rhetts & Ruckelshaus, Washington, D. C., on the brief, for plaintiff.

John I. Heise, Jr., Washington, D. C., Holmes Baldridge, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

HOWELL, Judge.

Plaintiff, a classified Civil Service employee, entitled to the benefits of § 14 of the Veterans' Preference Act of June 27, 1944, ch. 287, 58 Stat. 390, as amended by the Act of August 4, 1947, ch. 447, 61 Stat. 723, 5 U.S.C.A. § 863 [hereinafter referred to as § 863], sues to recover salary alleged to be due him for the period of his wrongful reduction in rank and compensation. There is no material issue as to the essential facts in this case and both plaintiff and defendant contend that they are entitled to judgment as a matter of law.

Plaintiff, a World War I veteran, was employed as a Clerk—Fiscal, Accounting, and Auditing, CAF–6 [subsequently redesignated GS–6], at a salary of $4,103.40 per annum in the Cost Accounting Section of the Department of the Air Force at Keesler Air Force Base, Mississippi. During the course of an official job survey conducted

at this base in the latter part of 1948, it was discovered that the supervisory duties assigned to plaintiff were no longer necessary in the interest of an efficient accounting operation, and that a downward reclassification of the position occupied by him should be made. In accordance with this finding, plaintiff was notified on May 4, 1949, by the Civilian Personnel Officer, acting for the Commanding Officer of Keesler Air Force Base, that he was being reduced in rank and compensation to the position of Cost Clerk, CAF–4, at a salary of $3,175.44 per annum. However, this notice failed to comply with the requirement of § 863 of the Veterans' Preference Act, supra, that a veteran be given 30 days' advance notice of proposed adverse action and an opportunity to reply thereto, and was cancelled shortly after its issuance. Thereafter, on May 11, 1949, proper notice of the proposed adverse action was issued. Plaintiff did not assert his right to answer this proposed adverse action, and on May 25, 1949, he was notified that he would be reduced to the lower grade effective June 19, 1949, unless he appealed within 10 days.

Plaintiff promptly filed an appeal with the Director of the Tenth United States Civil Service Region on May 31, 1949, but was advised on July 5, 1949, that his demotion as the result of a reallocation of his position was procedurally proper. Being dissatisfied with this decision, plaintiff appealed further to the Board of Appeals and Review of the United States Civil Service Commission. On December 5, 1949, the Board of Appeals and Review notified the Commanding Office of Keelser Air Force Base that plaintiff should be restored to his former position, grade, *and salary*, retroactive to the date of his demotion, because his reclassification had not been effected in accordance with the Veterans' Preference Act or with the Civil Service Regulations. Specifically, the Board of Appeals and Review found:

"* * * that the downward reallocation of Mr. Gregory's position was the result of the previous action of your agency in July of 1948 in relieving Mr. Gregory of the supervisory duties he had performed and which were a part of his position prior to that time and

that your agency knew, or should have known, that such action must ultimately result in the downward reallocation of Mr. Gregory's position. The Commission has further found that Mr. Gregory should have been given a notice of proposed adverse action at the time his supervisory duties were taken from him advising him of the fact that he was being reduced in rank and that Mr. Gregory should have had an opportunity to contest the action that must later result in the downward reallocation of his position."

Following the denial by the Board of Appeals and Review of the Air Force's request for reconsideration of this case, plaintiff, on July 2, 1950, was restored to his former position and grade, GS–6, retroactive to June 20, 1949. Although the Board of Appeals and Review also recommended the payment of back salary to plaintiff, the Air Force declined to follow this recommendation, concluding that there was no legal provision for the retroactive payment of the difference in salary between Grade GS–6 and GS–4 for the period plaintiff served in the lower grade. It is to recover this difference in salary for the period June 20, 1949, through July 1, 1950, that plaintiff now sues.

Plaintiff contends that inasmuch as the 1947 amendment to the Veterans' Preference Act, supra, authorizes the Civil Service Commission to make a mandatory recommendation of the corrective action to be taken in the situations therein defined, it is within the authority of the Civil Service Commission to recommend that the corrective action include, in the case of an employee who has been improperly reduced in grade and compensation, an award of back pay for the period of demotion. Thus, plaintiff insists that the Department of the Air Force erred in not complying with the mandatoy recommendation of the Board of Appeals and Review of the Civil Service Commission, and asks that this court now correct the error by granting him retroactively the salary of the position from which he was demoted. Section 863, which forms the basis of plaintiff's argument, provides *inter alia* that:

"No * * * preference eligible * * * shall be discharged, suspended for more than thirty days, furloughed without pay, *reduced in rank or compensation*, or debarred for future appointment except for such cause as will promote the efficiency of the service *. * *, and the person whose * * * *reduction in rank or compensation* is sought shall '* * * have the right to appeal to the Civil Service Commission from an adverse decision of the administrative officer so acting * * *; after investigation and consideration of the evidence submitted, the Civil Service Commission shall submit its findings and recommendations to the proper administrative officer and shall send copies of the same to the appellant or to his designated representative, and it shall be *mandatory* for such administrative officer *to take such corrective action* as the Commission finally recommends: * * *." [Italics added.]

Defendant maintains that the corrective action which the Civil Service Commission may recommend does not include the award of retroactive pay to employees improperly demoted. Instead, defendant argues that the plaintiff's rights to such back pay, if any, depend upon the express terms and conditions of the Act of June 10, 1948, ch. 447, 62 Stat. 354, amending the Lloyd-La-Follette Act of August 24, 1912, ch. 389, § 6, 37 Stat. 555, 5 U.S.C.A. § 652(b)(2). Since this Act provides for the award of back pay only in the case of an unwarranted suspension, discharge, or furlough without pay, and not in the case of an improper demotion in grade and salary, defendant insists that plaintiff is not entitled to recover back pay in the instant case.

■ At first glance it would appear that the award of back pay is one of the forms of corrective action which the Civil Service Commission may now recommend under the 1947 amendment to the Veterans' Preference Act. Indeed, several courts have indicated, without expressly deciding, that they would adopt this construction of § 863. See Wettre v. Hague, D.C., 74 F.Supp. 396,

398; Fischer v. Haeberle, 80 F.Supp. 652. However, a review of the legislative history of the 1947 amendment to § 863 reveals conclusively that Congress intended to provide for the element of back pay in cases where the Veterans' Preference Act has been violated by other related legislation, and did not intend to include the retroactive payment of salary within the scope of the mandatory "corrective action" which it authorized the Civil Service Commission to order. The report of the Senate Committee on Civil Service on H.R. 996, for which was later substituted the identical bill S. 1494, which was enacted as the 1947 Amendment to the Veterans' Preference Act, S.Rept. 568, 80th Cong., 1st Sess., p. 2, succinctly states that:

"*There is other legislation* (S. 1486) [1] which has been recommended by this committee, to provide reimbursement for periods of separation from the service in the cases of persons improperly removed from such service. Thus will the issue of abuse of irregular separation without benefit of salary which would have been paid and the further abuse of misobservance of the Veterans' Preference Act *in many cases* have been met." [Italics added.]

Cf. S.Rept. 631, 80th Cong., 1st Sess.; 28 Comp.Gen. 489; 29 Comp.Gen. 209; 5 C. F.R., 1951 Supp., § 22.10(a). Plaintiff's contention that the provisions of § 863 *per se* entitle him to an award of back pay must consequently be rejected.

■ The terms of the statutes themselves and the above quoted statement from the legislative history make it clear that § 652 (b)(2) and § 863 are *in pari materia;* hence, under well settled rules of statutory construction they must be read and construed together in determining plaintiff's ultimate rights. Simon v. United States, 113 Ct.Cl. 182. We must therefore consider in detail the provisions of § 652(b)(2) which provides as follows:

"Any person who is discharged, suspended, or furloughed without pay, under section 863 of this title, who, after

---

1. S. 1486 was enacted as the Act of June 10, 1948, 62 Stat. 354, 5 U.S.C.A. § 652, discussed herein.

answering the reasons advanced for such discharge, suspension, or furlough or after an appeal to the Civil Service Commission, as provided under such section, is reinstated or restored to duty on the ground that such discharge, suspension, or furlough was unjustified or unwarranted, shall be paid compensation at the rate received on the date of such discharge, suspension, or furlough for the period for which he received no compensation with respect to the position from which he was discharged, suspended, or furloughed, less any amounts earned by him through other employment during such period, and shall for all purposes except the accumulation of leave be deemed to have rendered service during such period."

█ The lack of congruity between the terms of the two statutes is immediately noticeable. Section 863 prescribes the rights of veterans where four types of personnel action are taken, *viz.*, reductions in rank or compensation, discharges, suspensions for more than thirty days, and furloughs without pay, whereas § 652(b)(2) provides for the payment of compensation only where three of these types of personnel action are subsequently shown to have been unjustified or unwarranted, omitting the situation presented by this case, *i. e.*, reductions in grade and compensation. Under the circumstances revealed by this statutory pattern, the function of this court plainly must be limited to awarding back pay in those situations specifically delineated by § 652(b)(2), and accordingly, we hold that plaintiff may not predicate his right to recover salary upon the provisions of this section. The suggestion that a reduction in grade or rank is in effect a dismissal from the position from which demoted does not warrant any extended consideration. Cf. 28 Comp.Gen. 200; 29 Comp.Gen. 209.

█ In reaching the conclusion stated above, we must reject defendant's contention that Congress in passing the provisions contained in § 652(b)(2) intended hence forth to restrict the recovery of retroactive pay by veterans employed in the Government service solely to the three situations enumerated in that statute. Rather, we find every indication from both the legislative history and from the evils that the statute was designed to correct that Congress did not intend the legislation to take away any rights to retroactive compensation to which veterans had previously been found entitled, but instead intended this legislation to supplement those rights which already existed. S.Rept. 414, 80th Cong., 1st Sess.; H.Rept. 1436, 80th Cong., 2d Sess.; H.Rept. 2011, 80th Cong., 2d Sess.; Rector, etc., of Holy Trinity Church v. United States, 143 U.S. 457, 462, 12 S.Ct. 511, 36 L.Ed. 226; Stirling v. United States, 48 Ct.Cl. 386. Hence, in this instance it would be improper to apply the maxim *expressio unius est exclusio alterius,* as urged by defendant, to reach a result which Congress did not intend to be achieved. Simon v. United States, supra.

One of the rights which classified Civil Service employees entitled to the benefits of the Veterans' Preference Act had been held to possess by this court prior to the enactment of § 652(b)(2) was the right to receive back pay for the period of an improper demotion. Stringer v. United States, 90 F. Supp. 375, 117 Ct.Cl. 30; Maher v. United States, 120 Ct.Cl. 807; Wells v. United States, 120 Ct.Cl. 813; Gorman, v. United States, 120 Ct.Cl. 813; Archut v. United States, 121 Ct.Cl. 916. We can perceive nothing in the enactment of § 652(b)(2) to overturn the reasons which prompted us to allow the recovery of back pay in the Stringer case. Thus it is upon the authority of the conclusions reached in the Stringer decision, rather than upon the terms of § 652(b)(2) or § 863 of Title 5, that we hold plaintiff is entitled to recover the difference between the salary he actually received from June 19, 1949 through July 1, 1950, and the amount he would have received during that period if he had not been demoted.

Defendant's motion for summary judgment is overruled; and plaintiff's motion allowed. Entry of judgment will be suspended pending the filing of a stipulation by the parties showing the exact amount of the judgment to be awarded plaintiff, computed in accordance with the opinion of the court.

It is so ordered.

MADDEN and LITTLETON, Judges, concur.

WHITAKER, Judge (dissenting).

The Court properly holds, I think, that section 652(b)(2) of 5 U.S.C.A.[1] does not cover the case of a reduction in rank or compensation, but applies only to a person discharged, suspended, or furloughed without pay. Such a person is entitled to recover the pay of which his discharge, suspension or furlough deprived him; but a person demoted is not entitled under the Act to recover the difference in pay.

The Court, however, seems to think a person demoted is entitled to recover the difference in pay independent of the Act of June 10, 1948. It relies upon Stringer v. United States, 90 F.Supp. 375, 117 Ct.Cl. 30; but that case is not in point here. That was a case where the procedural requirements had not been complied with, and for this reason only it was held that plaintiff's demotion was a nullity.

That is not the question presented in this case. All procedural requirements were complied with in this case. The question here is whether an employee is entitled to recover on the merits for a wrongful demotion, all the procedural requirements having been complied with. The Act of June 10, 1948, permitting recovery on the merits for a wrongful discharge, suspension, or furlough without pay, does not mention demotions, nor did the Act of August 24, 1912, which the Act of June 10, 1948, amended. We held in the Stringer case, relied upon by the majority, that an employee was not entitled under the Act of 1912 to recover on the merits for a demotion, because we said that Act permitted recovery for removals only.

The other cases relied upon by the majority, and reported in 120 Ct.Cl. recited merely the entry of judgments. No opinion was rendered and no reason was given for the entry of judgments. It is assumed that the basis for the judgments was a failure to comply with the procedural requirements. Where these requirements have been met, there is no statutory authority for rendering a judgment for a loss in salary because of a demotion.

I cannot agree with the Board of Appeals and Review of the Civil Service Commission that, when a survey was being made by the Air Force of the Keesler Air Force Base and it was determined as a result of this survey that supervision of the other employees by plaintiff was no longer necessary, and that the job calling for this supervision should be abolished, it was thereupon necessary to give plaintiff and any other employees who might be affected notice and an opportunity for a hearing, etc. This survey was not directed against any individual; it was one made to improve the service by revamping the organization, eliminating deadwood, etc., without any thought of the personnel affected.

It is inconceivable that when those in charge of the agency determined that the supervisory job was no longer necessary that they should have had to consult the subordinate holding the job before it could be abolished.

When they got around to considering the people affected by the reorganization, they very promptly notified plaintiff and accorded him all the rights he was entitled to under the Veterans' Preference Act.

What more could plaintiff ask? Certainly he could not expect for his own selfish benefit to stand in the way of or to halt an improvement in the service.

It is common knowledge that much can be done toward the improvement of our Federal Service. Heads of Departments should be circumscribed as little as possible when they make an effort to do so. An individual's rights should be respected, of course, but here every opportunity was given this plaintiff to present his case. He should not be allowed to stop the wheels of progress until his individual rights had been determined.

For the above reasons I must respectfully dissent.

JONES, Chief Judge, concurs in the foregoing dissent.

1. Act of June 10, 1948, 62 Stat. 354.