**REYNOLDS et al. v. LOVETT, Secretary of National Defense et al.**

No. 10912.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 5, 1951.

Decided Oct. 23, 1952.

Writ of Certiorari Denied April 6, 1953.

See 73 S.Ct. 784.

Claude L. Dawson, Washington, D. C., for appellants.

Joseph Kovner, Attorney, Department of Justice, Washington, D. C., with whom Asst. Atty. Gen. Holmes Baldridge, Mr. George Morris Fay, U. S. Atty. at the time the brief was filed, Washington, D. C., and Edward H. Hickey, Attorney, Department of Justice, Washington, D. C., were on the brief, for appellees. William P. Arnold, Attorney, Department of Justice, Washington, D. C., entered an appearance in behalf of appellees. Charles M. Irelan, U. S. Atty. at the time of argument, Washington, D. C., also entered an appearance for appellees.

Before CLARK, PRETTYMAN and PROCTOR, Circuit Judges.

PRETTYMAN, Circuit Judge.

This case concerns the rights of civilian Government employees having veterans' preferences. Appellants were honorably discharged soldiers, employed at the Mare Island Naval Shipyard, and their records were rated good or better. A reduction in the number of employees at the Shipyard was made. Appellants were reduced in their positions and grades, while non-veterans in the same classifications were retained in their positions and grades. Appellee officials say that appellants were demoted because, in the judgment of the officers in charge of the Shipyard, they were not qualified for the supervisory nucleus, composed of the best craftsmen, each one carefully selected on the basis of his individual qualifications. They say that the non-veterans were deemed by them better qualified for supervisory positions than were the appellants. We think that appellees' view that when personnel is reduced the head of an agency may select employees to be retained in any classification on the basis of individual merit and without giving effect to Section 12 of the Veterans' Preference Act[1] is erroneous.

The case is reversed and remanded for action in accordance with this opinion.

Reversed and remanded.

1. 58 Stat. 390 (1944), as amended, 5 U.S.C.A. § 861.

**182**

CLARK, Circuit Judge (concurring in the result).

While I concur in the result, I by no means proceed on the same ground. I think that the language used by the majority is altogether too lenient for the flagrant disregard of law exhibited by the Secretary of the Navy.

Only one question is presented in this appeal—Can the Secretary of the Navy, *or any other administrative official,* deliberately flout the will of Congress clearly and without ambiguity expressed in the law of the land?

The law applicable on the subject is the Veterans' Preference Act of 1944, which reads, in pertinent part, as follows:

5 U.S.C.A. § 851: Persons entitled to federal employment preferences.

"In certification for appointment, in appointment, in reinstatement, in reemployment, and in retention in civilian positions in all establishments * * * of the Government * * * preference shall be given to * * * (4) those ex-servicemen and women who have served on active duty in any branch of the armed forces * * * or expedition (for which a campaign badge has been authorized), and have been separated therefrom under honorable conditions. (June 27, 1944, c. 287, § 2, 58 Stat. 387, amended July 26, 1947, c. 343, Title II, § 205(a), 61 Stat. 501)."

5 U.S.C.A. § 861: Reduction in personnel; considerations affecting release.

"In any reduction in personnel in any civilian service of any Federal agency, competing employees shall be released in accordance with Civil Service Commission regulations which shall give due effect to tenure of employment, military preference, length of service, and efficiency ratings * * * *Provided further,* That preference employees whose efficiency ratings are 'good' or better shall be retained in preference to all other competing employees * * * (June 27, 1944, c. 287, § 12, 58 Stat. 390)."

The facts are undisputed. A reduction in force was contemplated at Mare Island Naval Shipyard. Appellants all enjoyed veterans' preference status, and all enjoyed ratings of good or better. Yet notwithstanding the policy expressed in the Act, passed by the Congress, signed by the President, and duly promulgated, the Secretary of the Navy reduced appellants in rank below certain non-preference employees.

Counsel for appellee stated that the statute was not followed because "the Secretary of the Navy had changed *his* policy". The Secretary changed *his* policy, forsooth. Not one word was forthcoming as to any change in the policy of Congress, which is the law. In my judgment, the defiance of the law and disregard of the will of Congrees on the part of administrative bureaucrats is a greater menace to our institutions than the threat of the atomic bomb.