928

SCHWEIZER v. UNITED STATES.
No. 50475.

United States Court of Claims.
June 8, 1954.

Claude L. Dawson, Washington, D. C.,
for plaintiff.

LeRoy Southmayd, Jr., Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER and MADDEN, Judges.

JONES, Chief Judge.

The plaintiff brought this action for pay which he lost as the result of his allegedly illegal demotion at the Philadelphia Navy Yard.

Plaintiff had been a member of the United States Navy from 1922 to 1926 and had received an honorable discharge. At the time of his demotion he occupied the position of Leadingman Engineman and was a qualified civil service employee with an efficiency rating of good or better. He was reduced in rank, grade and salary while at least one non-veteran retained the position of Leadingman Engineman at the same shipyard. The defendant attached to its pleadings an affidavit to the effect that this action was taken on the basis of an administrative determination by officials at the Navy Yard that demotion of the plaintiff and retention of certain others would best promote the efficiency of the service.

Plaintiff appealed this order of demotion to the civil service authorities and was advised in a letter by the Director of the Third United States Civil Service Region that the Board of Appeals and Review had decided that the only rights of appeal with respect to the demotions made by the Navy Yard were under section 14 of the Veterans' Preference Act of 1944, 58 Stat. 387, 5 U.S.C.A. §§ 851–869. The letter also advised that plaintiff, as a peacetime veteran, was not entitled to take an appeal under section 14 of this act and, further, that no appeal was possible under section 12 of this act since the demotions were not reduction in force actions. Plaintiff's demotion became effective January 13, 1947, and continued until his reinstatement by order of the United States District Court for the Eastern District of Pennsylvania on March 9, 1949. Even though the judg-

ment of the District Court was subsequently vacated, the plaintiff continued to hold his job as Leadingman. He, therefore, seeks compensation for what he would have received from January 13, 1947, to March 9, 1949, but for his demotion.

The plaintiff bases his right to recover on the act of 1912[1] which sets up a system for efficiency ratings in the civil service. The act provides that

"* * * in the event of reductions being made in the force in any of the executive departments no honorably discharged soldier or sailor whose record in said department is rated good shall be discharged or dropped, or reduced in rank or salary * * *."

Plaintiff contends that he clearly falls within the 1912 statute, that the personnel action taken in his case was pursuant to a reduction in force, and that, under the facts alleged in the petition, the demotion was improper. He asserts that section 18 of the Veterans' Preference Act of 1944, supra, saves him whatever rights he may have had under previous legislation. Section 18 reads:

"All Acts and parts of Acts inconsistent with the provisions hereof are hereby modified to conform herewith, and this Act shall not be construed to take away from any preference eligible any rights heretofore granted to, or possessed by, him under any existing law, Executive order, civil-service rule or regulation, of any department of the Government or officer thereof."

He asserts that the Supreme Court in Hilton v. Sullivan, 334 U.S. 323, 68 S.Ct. 1020, 92 L.Ed. 1416, has squarely decided that the 1944 act intended to take away no previously existing rights.

The defendant, on the other hand, contends that the plaintiff could be demoted under the 1912 act, but that in any event the 1912 act was superseded by the 1944 act which was intended to codify all veterans' preference legislation. The defendant further urges that the plaintiff's cause must fail: first, because the plaintiff is not a veteran of wartime or campaign service and comes within no other class entitling him to preference under the 1944 act (see section 2 of the 1944 act for the list of those entitled to such preference); second, that section 12 applies only to "retention in the service" and not to "demotion for the efficiency of the service";[2] and third, that section 14 of the 1944 act applies to demotions for the efficiency of the service and that the requirements of that section were complied with.[3] Although the defendant de-

---

1. 37 Stat. 413. (Since repealed by the act of September 30, 1950, 64 Stat. 1100.)

2. "Sec. 12. In any reduction in personnel in any civilian service of any Federal agency, competing employees shall be released in accordance with Civil Service Commission regulations which shall give due effect to tenure of employment, military preference, length of service, and efficiency ratings: * * * *Provided further*, That preference employees whose efficiency ratings are 'good' or better shall be retained in preference to all other competing employees and that preference employees whose efficiency ratings are below 'good' shall be retained in preference to competing nonpreference employees who have equal or lower efficiency ratings: * * *."

3. "Sec. 14. No permanent or indefinite preference eligible * * * shall be discharged, suspended for more than thirty days, furloughed without pay, reduced in rank or compensation, or debarred for future appointment except for such cause as will promote the efficiency of the service and for reasons given in writing, and the person whose discharge, suspension for more than thirty days, furlough without pay, or reduction in rank or compensation is sought shall have at least thirty days' advance written notice * * * stating any and all reasons, specifically and in detail, for any such proposed action; such preference eligible shall be allowed a reasonable time for answering the same personally and in writing, and for furnishing affidavits in support of such answer, and shall have the right to appeal to the Civil Service Commission from an adverse decision of the administrative officer so acting * * *."

nies in its answer and brief that the action of the Navy Yard was pursuant to a reduction in force, it has submitted, in response to a request from the bench, copies of the Notice of Proposed Demotion and the Official Personnel Action, both of which state that the action was taken "due to a reduction in force." The court will assume, therefore, that this was the fact.

■ Upon the undisputed facts the plaintiff, an honorably discharged peacetime veteran and with a civil service rating of good or better, was reduced in rank due to a reduction in force while another nonveteran employee in the same Navy Yard held a position equivalent to that formerly occupied by the plaintiff. These facts constitute a violation of the 1912 act. They also entitle the plaintiff to recover if the 1912 act was in force at the time of plaintiff's demotion.

In addition to section 18 of the 1944 act, there is evidence in the legislative history that this act intended to take away no rights which peacetime veterans were enjoying under previous legislation. The Senate report in connection with the 1944 act makes this conclusion amply clear when it says, at page 3, Senate Report 907, 78th Congress, 2d Session:

> "Ex-servicemen whose only service was performed during peacetime would not in the future be entitled to preference. By virtue of the provisions of section 18, *however, peacetime veterans who are already in Government employment, or whose names are carried on civil-service registers on the date of enactment of this bill, will not lose the preference accorded them under existing laws and regulations.*" [Emphasis supplied.]

House Report 1289, 78th Congress, 2d Session, U.S.Code Congressional Service 1944, p. 1153, on this act makes the same point. It is admitted in the pleadings that plaintiff was a qualified employee of the civil service prior to and at the time of the approval of the 1944 act.

But the defendant argues that to allow plaintiff to recover would lead to the unjust result of giving him, a peacetime veteran, more rights than accorded to veterans of war. But the contrary appears to be the case: legislative history and court decisions indicate that the act of 1944 was intended to broaden rather than to narrow the preference of veterans, that veterans' rights, in cases of reduction in force, ought to be at least as wide under the 1944 act as under the 1912 act.

It is true that there is a difference in wording between section 12 of the 1944 act and the 1912 act. The former speaks only of "retention" in preference to other competing employees, whereas the latter says that the veteran shall not be "discharged or dropped, or reduced in rank or salary." But "retention" undoubtedly includes the concept of being retained in a position when one is threatened with demotion. Commissioner Flemming, in hearings before the Committee on Civil Service, United States Senate, 78th Congress, 2d Session, on S. 1762 and H.R. 4415, said at page 27:

> "That proviso [the proviso of section 12 set out in footnote 2] is substantially the same as a law passed by Congress in 1912, which was interpreted to apply to only the departmental service. By Executive order of March 3, 1923, the provisions of the law of 1912 were likewise extended to the Federal service, so that the last proviso simply continues what has been in practice throughout the entire Federal service since 1923."

The Supreme Court has interpreted the 1944 act as broadening rather than restricting the rights of veterans in government employment. In Hilton v. Sullivan, supra, the Court said, 334 U.S. at page 337, 68 S.Ct. at page 1027, "The purpose of that Act's [the 1944 act] sponsors and of Congress in passing it appears to have been precisely the opposite —to broaden rather than narrow the preference." And at page 339, of 334 U.S., at page 1028 of 68 S.Ct. it said "Thus Congress passed the bill with full

knowledge that the long standing absolute retention preference of veterans would be embodied in the Act."

Two cases in circuit courts of appeal involved veterans who were threatened with demotions or demoted due to reductions in force. The courts there thought that section 12 conferred retention rights on the plaintiff, and thus implicitly denied the contention that demotions are excluded from section 12. Reynolds v. Lovett, 91 U.S.App.D.C. 276, 201 F.2d 181; Wettre v. Hague, 1 Cir., 168 F.2d 825.

Finally the legislative scheme of the 1944 act seems to negate defendant's construction that demotions incident to reductions in force fall under section 14 rather than under section 12 of the act. Even an administrative determination, as the one, for example, which was made here, that the demotion was to promote the efficiency of the service, ought not to affect the retention preference given by section 12. Senate Report 907, supra, explains the two sections as follows, at page 3:

"Section 12 provides the procedure to be followed in case of reduction of personnel in an agency, and requires that preference be given veterans. * * *.

"Section 14 grants special preferences to veterans in the way of prior notice in writing before they are discharged, suspended, furloughed, reduced in compensation, or debarred from further appointment. This section also confers upon preference eligibles the right to appeal to the Civil Service Commission from adverse decisions of administrative officers, and to make a personal appearance or an appearance through a designated representative in accordance with rules and regulations to be issued by the Civil Service Commission."

The corresponding parts of House Report 1289, supra, are similar.

Courts seem to have made the same distinction when they refused to apply section 14 in personnel actions made pursuant to reductions in force. The thirty-day notice requirement of section 14 was held inapplicable where the plaintiff was discharged under a reduction in force. Ashley v. Ross, 89 U.S.App.D.C. 339, 191 F.2d 655. In that case the court said, 191 F.2d at page 656:

"* * * However, that section [section 14] relates to discharges for cause, and the complaint itself alleges that the plaintiffs were 'not separated for cause' but 'on account of the reduction in the force in the Philadelphia Mint.' Such reductions in force fall under § 12 of the Act, and are to be made 'in accordance with Civil Service Commission regulations which shall give due effect to tenure of employment, military preference, length of service, and efficiency ratings.' "

In Laden v. Crosson, D.C., 108 F.Supp. 240, 243, the court gave a persuasive rationale for distinguishing between the 1912 act and section 14 of the 1944 act. This distinction seems equally applicable to the construction of section 12 of the 1944 act in relation to section 14. The Government there contended that the plaintiff veteran, being less efficient than two nonveterans, was properly demoted for the "efficiency of the service". The demotion was as a result of a reduction in force but the government still thought that the standards of section 14 must apply. In reply to this argument the court said, in part:

"Coming now to the Act of 1944, viewing this amendment as a part of a general and consistent scheme to define and protect veterans' preferences, it seems clear that Congress considered dismissals and demotions as falling into one of two classes, (1) as a part of a reduction in force and (2) for cause. It may be conceded that greater efficiency in the particular division in which the plaintiff's employment falls will be attained by his demotion rather than that of one of the two non-veteran employees. However, it would ap-

**932**

pear that the 1944 Act with the procedural rights which it accorded the veteran was dealing with dismissals or demotions for 'cause' in the sense of the individual behavior or conduct of the employee, or, possibly, his capabilities and that when it spoke of promoting the efficiency of the service, in that part of the Act it had in mind promoting efficiency by the removal of incompetents. * * * If this section be construed to cover efficiency in the general organization and operation of the bureau, its effect would be in most cases to nullify the protection in the case of reduction of force because it could nearly always be successfully argued that a consolidation resulting in concentration of activities and economies in the payroll 'will promote the efficiency of the service.' * * * I am of the opinion that the plaintiff's demotion was not 'for such cause as will promote the efficiency of the service' as that expression was intended to be applied in the Act of 1944."

■ The foregoing cases and authorities make it clear that there is no validity in defendant's argument that recovery for the plaintiff would give him greater rights than wartime veterans. The authorities affirm that the 1944 act was intended to enlarge not restrict the rights of veterans, that a wartime veteran, in a situation similar to that of the plaintiff, would have rights equivalent to those of the plaintiff under the act of 1912.

Plaintiff's motion for summary judgment is, therefore, granted and defendant's motion for summary judgment is denied.

Judgment will be entered in favor of the plaintiff in the amount of $1,493.85.

It is so ordered.

MADDEN, WHITAKER, and LITTLETON, Judges, concur.

LARAMORE, J., took no part in the consideration or decision of this case.