Whitaker, Judge,
delivered the opinion of the court:
Plaintiffs were supervisory employees in the New York Naval Shipyard. After the war the force was reduced by the discharge of a number of employees in non-supervisory positions. This resulted in an excess number of employees in supervisory positions, which made it necessary either to discharge or to demote plaintiffs, who held supervisory positions. They were demoted.
*152 The Civil Service Commission at first affirmed the action of tbe Navy Department. Thereafter a similar employee by the name of Reynolds brought an action in the District Court for the District of Columbia seeking a mandamus to require his restoration to his former position. The District Court denied the relief requested, but the Court of Appeals granted it, holding that section 12 of the Veterans’ Preference Act, infra, required that plaintiff should not be demoted so long as there was retained in his grade and rank non-preference employees. Reynolds v. Lovett, 201 F. 2d 181; cert. den. sub nom. Wilson v. Reynolds, 845 U. S. 926.
Following this decision the Civil Service Commission amended its regulations to conform to the holding of the Court of Appeals and reopened and reconsidered the appeal by the plaintiffs in this case and, based on its amended-regulations, it issued an order requiring the Navy Yard to restore them to their former positions, to be effective on the date of their respective demotions.
Plaintiffs have been restored, but for the period between their demotions and their restorations to their former positions they have not been paid the difference between the salary of their original positions and the positions to which they were demoted. They sue for this difference.
Their right to recover is governed by section 14 of the Veterans’ Preference Act or by section 12 thereof, whichever is applicable.
Section 14 of the Veterans’ Preference Act of 1944 (58 Stat. 387, 390) provides:
No permanent or indefinite preference eligible, * * * shall be discharged, suspended for more than thirty days, furloughed without pay, reduced in rank or compensation, or debarred for future appointment except for such cause as will promote the efficiency of the service and for reasons given in writing * * *.
The provisions of this section were fully complied with.[1]. The Navy Department determined that it would promote *153 the efficiency of the service to retain in supervisory positions certain non-preference employees and to demote to a non-supervisory position the plaintiffs, who were preference employees. As stated, the action of the Navy Department was approved by the Civil Service Commission.
However, the Court of Appeals for the District of Columbia, in an action for mandamus brought by an employee similarly situated (Reynolds v. Lovett, supra), held:
We think that appellees’ [the Secretary of National Defense and others] view that when personnel is reduced the head of an agency may select employees to be retained in any classification on the basis of individual merit and without giving effect to section 12 of the Veterans’ Preference Act is erroneous.
Thus, the Court of Appeals was of opinion that wherever the demotion was an incident of a reduction in force, the provisions of section 12 must be complied with. Section 12 provides:
In any reduction in personnel in any civilian service of any Federal agency, competing employees shall be released in accordance with Civil Service Commission regulations, which shall give due effect to tenure of employment, military preference, length of service, and efficiency ratings; * * * Provided, further, That preference employees whose efficiency ratings are “good”or better shall be retained in preference to all other competing employees. * * *
Plaintiffs were preference eligibles, their ratings were “good” or better, and they come within the provisions of section 12, provided that section is applicable to a demotion in the circumstances of this case.
This exact question has not been presented to us before. In Gregory v. United States, 123 C. Cls. 794, we held that an employee improperly demoted was not entitled to recover back pay under the Act of June 10, 1948 (62 Stat. 354), because that act referred only to persons “discharged, suspended, or furloughed without pay” and did not refer to persons demoted.[2]
*154 In Goodwin v. United States, 127 C. Cls. 417, and in Theodore Smith v. United States, 127 C. Cls. 706, we held that where an employee had been wrongfully demoted, and had been ordered restored, retroactively, to his former position, he was entitled to recover the difference in salary between the position from which and that to which he had been demoted; but it does not appear from the opinions in either of those cases that they involved a demotion incident to a reduction in force.
In Schweizer v. United States, 128 C. Cls. 456, we had before us the case of an employee who did not come within any of the preferred classes mentioned in section 2 of the Veterans’ Preference Act of 1944 (58 Stat. 387), but who claimed that he was entitled to the benefits of the Act of 1912 (37 Stat. 413) which provided that “* * * in the event of reductions being made in the force in any of the executive departments no honorably discharged soldier or sailor whose record in said department is rated good shall be discharged or dropped, or reduced in rank or salary.” We held that he was entitled to the benefits of this act and since he had been demoted in violation of its provisions, he was entitled to recover the salary of the office from which he had been wrongfully demoted.
While plaintiff in that case was not claiming under section 12 of the Veterans’ Preference Act of 1944, we indicated the opinion that demotions incident to a reduction in force come within its orbit.
In the case at bar, we are finally confronted with the question of whether or not demotions, pursuant to a reduction in force, come within the provisions of section 12 of the Veterans’ Preference Act of 1944.
Clearly, section 14, which is the only section expressly dealing with demotions, provides as the only condition that the demotion should be “for such cause as will promote the efficiency of the service,” and says nothing about retaining a preference employee over a non-preference employee. Looking at that section alone, the head of a department is privileged to demote a preference employee instead of a non-preference employee if in his opinion such action would promote the efficiency of the service. Section 12 does not *155 mention' demotions, but only the “release” of an employee incident to a reduction in force. In such case Federal agencies are required to accord to preference employees the retention rights conferred by section 12.
Had the Navy Department decided to release, that is to say, to discharge, some of its supervisory employees, in order to reduce its force, it would have been obliged by section 12 to retain the preference employees instead of the non-preference ones, even, though the Department head might have thought that it was better for the efficiency of the service to retain the non-preference employees. But the Navy Department wanted to retain in the service these preference employees, although it did not want to use them in supervisory positions, and so it demoted them, but at the same time it retained in a supervisory capacity non-preference employees.
There is no doubt that the spirit of the Veterans5 Preference Act, looked at as a whole, was to give veterans a preference over other employees of comparable ratings, and of course the retention in a supervisory capacity of non-veterans, and the demotion of veterans, does not give the veterans preferential treatment.
It is also true that plaintiffs would not have been demoted except for the reduction in force in the lower grades. This reduction in force made necessary the reduction in force in the grades held by plaintiffs. Had the Department determined to release employees in plaintiffs’ grades, it would have been obliged to retain plaintiffs in preference to non-veterans. It would seem that the same rule should be applied where, instead of releasing some of them, it decided to demote them.
The Court of Appeals for the District of Columbia has considered the question and has concluded that, where the demotion is the result of or an incident of a reduction in force, the veteran is entitled to the benefits of section 12; and the Civil Service Commission has amended its regulations to give effect to this decision. In Schweizer v. United States, supra, we indicated the same opinion. After further consideration, we are of the opinion that while section 12 expressly gives preference to a veteran only in the case of *156 “releases” incident to a reduction in force, we can see no reason why Congress did not intend to include therein a “release” from his former position, although he was retained in a subordinate one. Since Congress intended to protect the veteran in the case of a release, it must have intended to protect him in the case of a demotion. It cannot be supposed that Congress intended to protect the veteran against the greater injury of a release and not protect him against the lesser injury of a demotion.
Under the 1912 Act a veteran was protected both in the case of a discharge and a demotion. While the 1944 Act referred only to releases, it is plain that the latter Act did not mean to restrict the preference of veterans, but to enlarge them. See our discussion of this in Schweizer v. United States, supra.
Section 14 of the 1944 Act dealt with discharges or demotions for cause. In such case a veteran had no preference. He might be either discharged or demoted if the head of the department thought this was for the good, of the service. Section 12 did not deal with discharges for cause, but with releases because of a plethora of employees. Somebody had to go. In the case at bar there were too many supervisory employees; the force had to be reduced. In such case Congress said the agency had to let non-preference employees go before preference employees.
We are of opinion that demotions come within the provisions of section 12. It is admitted that its provisions were not complied with. Plaintiffs’ demotions were, therefore, wrongful.
It results that the order of the Civil Service Commission requiring plaintiffs to be restored to their original positions is valid.
The demotions with which we are here concerned occurred, with two exceptions hereinafter discussed, in July 1947 or thereafter. In each instance, with the exceptions above noted, the petition was filed within six years after the alleged wrongful demotion. In addition, the Civil Service Commission has ordered, again with the two exceptions noted, that the plaintiffs be reinstated to their original positions as of the dates their respective demotions became *157 effective. Because of their wrongful demotions, and because of the mandatory retroactive restoration order of the Commission, plaintiffs are entitled to recover the difference in salary between what they would have received but for the wrongful demotion and what they have actually received. Stringer v. United States, 117 C. Cls. 30; Earle Goodwin v. United States, supra; Theodore Smith v. United States, supra; Schweiser v. United States, supra.
There are presently before the court for decision three cases, John A. Adler, et al., v. United States, No. 266-53, Raymond Bordello, et al., v. United States, No. 465-53; and Reuben E. Goldblatt, et al., v. United States, No. 522-53. In Adler, ten plaintiffs moved for summary judgment. The parties have stipulated and agreed that the claim of one of these ten plaintiffs, John J. McLean, should be omitted from this motion without prejudice to his right to renew the motion. With respect to the remaining plaintiffs in Adler, the parties have stipulated and agreed that the difference in pay between the higher and the reduced grades for the period of the demotions of the respective plaintiffs is as follows:
Walter Artesh_ $6,115.28
Mite B. Feeney_ 5, 813.52
Owen W. Harp_ 3,586. 71
John A. Henriotti-4,974.42
Philip T. Lipari_ 6,196.48
Joseph Luparello_ 2,825. 00
Charles E. Staffieri. 2, 053.83
Alexander Stevens-2,377.38
Frederick Worn_ 2,130.08
Judgment will be entered in favor of plaintiffs, Walter Artesh, Mike B,. Feeney, John A. Henriotti, Joseph Lupa-rello, Charles R. Staffieri, Alexander Stevens, and Frederick Worn, in the amounts above listed opposite their names.
Plaintiff Owen W. Harp was demoted from the position of Quarterman Machinist, to Leadingman Machinist, on March 17, 1946. On May 5, 1947 he was restored to his original position. On January 12,1948, he was wrongfully demoted to the position of Leadingman Machinist. Although the respective dates and the positions differ slightly, plaintiff Philip T. Lipari is similarly situated.
*158 The petition in Adler was filed on June 19, 1958, more than six years after the first alleged wrongful demotions of Harp and Lipari. Any claim for the period of this first demotion is barred by the statute of limitations. Group, et al., v. United States, 125 C. Cls. 135. It does not appear whether or hot the stipulation of amounts covers both periods of demotion of Lipari and Harp. For this reason, the entry of judgment in favor of plaintiffs Harp and Lipari will be suspended until the incoming of a further stipulation by the parties as to the amounts due, or, in the absence thereof, of a report by a commissioner showing the amounts due, computed in accordance with this opinion.
In Borriello, five plaintiffs moved for summary judgment. The parties have stipulated and agreed that the difference in pay between the higher and the reduced grades for the period of the respective plaintiffs’ demotions is as follows:
John Bvakke_$2, 554.01
Lawrence Harris_ 3,773.38
Ormond D. Montia_ 2, 445.85
Robert Nelson- 4,891. 84
John A. Suerstedt--- 4,530.51
Judgment will be entered in favor of these plaintiffs in these amounts.
In Goldblatt, one plaintiff, Stanley J. Sleziak, has moved for summary judgment. It has been stipulated and agreed that the difference in pay between the higher and the reduced grade for the period of his demotion is $5,384.84. Judgment will be entered in plaintiff Stanley J. Sleziak’s favor for this amount.
Defendant’s motions for summary judgment are denied.
It is so ordered.
Laramoke, Judge; MaddeN, Judge; Littleton, Judge; and Jones, Chief Judge, concur.
In accordance with the above opinion and on a stipulation by the parties filed July 15, 1954, it was ordered October 5, 1954, that judgments be entered in Adler for Owen W. Harp for $3,586.71 and for Philip T. Lipari for $6,196.48.*

 In No. 266-53, two plaintiffs, Harp and Lipari, were demoted in 1946 and restored in 1947, apparently on the ground that the demotion was not in compliance with the requirement of section 14 that the advance written notice state “any and all reasons, specifically and in detail, for any such, proposed action * * They, were later demoted in compliance with the terms of the section.

 Plaintiff was, however, allowed recovery under Stringer v. United States, 117 C. Cls. 30.

 See also p. 810, post.