**Morrison F. PARKS**

v.

**The UNITED STATES.**

No. 498–55.

United States Court of Claims.

Jan. 16, 1957.

Bland A. Pugh, Detroit, Mich., for plaintiff.

Francis J. Robinson, Arlington, Va., with whom was George Cochran Doub, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LARAMORE, Judge.

Plaintiff, a veteran's preference Civil Service employee, sues for the difference in pay between that of "Investigator-in-Charge," grade GS–11, and "Supervisory Criminal Investigator," grade GS–9. As the result of the Internal Revenue reorganization of July 1, 1953, plaintiff's position was abolished and he was reduced in grade. He claims this demotion was a violation of his rights as a discharged veteran.

The following facts are before the court: Plaintiff, a veteran of World War I, is presently employed as a Supervisory Criminal Investigator in the Detroit, Michigan, office of the Alcohol and Tobacco Tax Agency, grade GS–9.

For a period of over 10 years prior to September 1, 1951, he served as Chief Assistant to the Investigator-in-Charge in the Detroit, Michigan, office. On September 1, 1951, he was named "Acting Investigator-in-Charge" and on October 14, 1951, he was appointed "Investigator-in-Charge," grade GS–11, in the aforementioned office. He held this position for almost two years until about August 27, 1953, when the Internal Revenue reorganization of July 1, 1953, was perfected in Detroit.

On August 12, 1953, plaintiff received written notice from the Regional Commissioner's office, Chicago, demoting him in grade and salary from GS–11 at $6,140 p. a. to GS–9 at $5,810 p. a., effective August 2, 1953. He immediately protested the demotion as illegal, but continued to serve in that grade until August 27, 1953.

As the result of appeal, the Seventh Civil Service Regional Office, Chicago, on August 10, 1954, found said demotion procedurally defective in that he was not given sufficient notice of the proposed action. On August 19, 1954, plaintiff was notified that he had been restored to the GS–11 position and given the pay adjustment to cover the difference in salary resulting from said demotion.

On August 19, 1954, plaintiff was again notified in writing by the said Chicago office of its intention to again reduce him to grade GS–9 effective "not earlier than close of business September 24, 1954."

The letter of demotion dated August 19, 1954, stated that the proposed action was due to the fact that the position of Criminal Investigator was abolished as a result of the reorganization of the Internal Revenue Service.

On August 27, 1954, plaintiff answered the August 19, 1954, letter protesting the action as being in violation of his rights under the Veterans' Preference Act of 1944, 58 Stat. 387, 5 U.S.C.A. § 851 et seq., and under the rules and regulations of the Civil Service Commission.

Plaintiff alleges that on August 19, 1954, the date of the second demotion letter, there were four "Special Investigators," two of whom were nonveterans, working with plaintiff in the Detroit office and performing the same, or substantially the same, duties as plaintiff. Further, that of these four men, one veteran and two nonveterans are still working in the Detroit office at grade GS–11.

During all the period of plaintiff's employment he received an efficiency rating of "good" or better.

On September 15, 1954, plaintiff conferred with officials of the agency and at that time was informed that in order to obtain a GS–11 position as Special Investigator, he would have to transfer to the Chicago office. This offer was re-

fused by plaintiff and he was thereupon, on September 21, 1954, notified of the determination to reduce him to Criminal Investigator in grade GS-9.

Plaintiff appealed the agency's action, claiming violation of the Veterans' Preference Act of 1944, supra. The Civil Service Commission for the Seventh Region considered plaintiff's case and determined that since the demotion was not incident to a reduction-in-force, the retention preference regulations were not applicable. It was decided that the action was procedurally proper and that plaintiff had been given the next best position available in Detroit.

Plaintiff appealed the Seventh Region decision to the Civil Service Commission Board of Appeals and Review in Washington, D. C. The board upheld the decision of the Seventh Region.

By letter of March 29, 1955, plaintiff requested a reopening and reconsideration of his appeal by the Board of Appeals and Review. Plaintiff's request was denied by letter of April 8, 1955. This petition results.

Thus the question presented here is whether plaintiff's demotion, brought about by a reorganization in the service, violated any applicable requirements of the Veterans' Preference Act of 1944, supra, or the Civil Service regulations.

Defendant argues that absent an allegation and showing of arbitrary or capricious action, the law is well settled that where the procedural requirements have been met, the Court of Claims will not go behind them to inquire into the merits of the action taken against an employee in the Federal service, and cites Love v. United States, 98 F.Supp. 770, 119 Ct.Cl. 486; Eberlein v. United States, 257 U.S. 82, 42 S.Ct. 12, 66 L.Ed. 140; Bryan v. United States, 128 Ct.Cl. 541; Ciaffone v. United States, 126 Ct.Cl. 532.

The cited cases are all concerning discretionary acts of agency heads in determining qualifications, or whether or not procedural requirements were met.

In the instant case, plaintiff was found to be qualified to fill the position of Spe-

cial Investigator. The Seventh U. S. Civil Service Region in its findings and recommendations under plaintiff's appeal used the following language:

"Appellant was reassigned to a position of Investigator, GS-9, in the Detroit office, primarily because he would not accept transfer to a position of Special Investigator, GS-11, in the Chicago office.

\* \* \* \* \* \*

"It would appear that the agency must have considered that Mr. Parks would be able to perform the duties of Special Investigator, GS-11, with a reasonable period of training or he would not have been offered the position in Chicago. This is stated despite the statement that the agency merely offered him the position in Chicago because of his long years of service and his long tenure in the GS-11 position."

True the Commission said plaintiff would be able to perform the duties "with a reasonable period of training," but as pointed out by plaintiff in his brief, any change in location would require a certain breaking-in period. We believe that is what the commission meant "with a reasonable period of training."

Therefore, it is not a question of whether plaintiff's procedural rights under section 14 of the Veterans' Preference Act of 1944, supra, were violated, but whether plaintiff's rights under section 12 of the act were violated. Had section 14 been the only right violated, we would agree with the argument of defendant. However, in any event, plaintiff was given his section 14 rights by the Civil Service Commission on appeal.

Here our problem is different. We are asked to say whether plaintiff's section 12 rights were violated. While the Civil Service Commission did not rule on this question, it was ever present when plaintiff alleged his veterans' preference rights were violated.

Section 12 of the Veterans' Preference Act of 1944, supra, provides as follows:

"In any reduction in personnel in any civilian service of any Federal agency, competing employees shall be released in accordance with Civil Service Commission regulations which shall give due effect to tenure of employment, military preference, length of service, and efficiency ratings: * * * *Provided further,* That preference employees whose efficiency ratings are 'good' or better shall be retained in preference to all other competing employees and that preference employees whose efficiency ratings are below 'good' shall be retained in preference to competing nonpreference employees who have equal or lower efficiency ratings: * * * ".

Section 14 deals with discharges or demotions for cause. Section 12 does not deal with discharges for cause, but deals with reduction in personnel. A complete discussion of whether or not plaintiff is clothed with the protection of section 12 above is contained in the case of Adler v. United States, 129 Ct.Cl. 150, 155–156, wherein this court used the following language:

"Had the Navy Department decided to release, that is to say, to discharge, some of its supervisory employees, in order to reduce its force, it would have been obliged by section 12 to retain the preference employees instead of the non-preference ones, even though the Department head might have thought that it was better for the efficiency of the service to retain the non-preference employees. But the Navy Department wanted to retain in the service these preference employees, although it did not want to use them in supervisory positions, and so it demoted them, but at the same time it retained in a supervisory capacity nonpreference employees.

"There is no doubt that the spirit of the Veterans' Preference Act, looked at as a whole, was to give veterans a preference over other employees of comparable ratings, and

of course the retention in a supervisory capacity of non-veterans, and the demotion of veterans, does not give the veterans preferential treatment.

"It is also true that plaintiffs would not have been demoted except for the reduction in force in the lower grades. This reduction in force made necessary the reduction in force in the grades held by plaintiffs. Had the Department determined to release employees in plaintiffs' grades, it would have been obliged to retain plaintiffs in preference to non-veterans. It would seem that the same rule should be applied where, instead of releasing some of them, it decided to demote them.

"The Court of Appeals for the District of Columbia has considered the question and has concluded that, where the demotion is the result of or an incident of a reduction in force, the veteran is entitled to the benefits of section 12; and the Civil Service Commission has amended its regulations to give effect to this decision. In Schweizer v. United States, supra [128 Ct.Cl. 456], we indicated the same opinion. After further consideration, we are of the opinion that while section 12 expressly gives preference to a veteran only in the case of 'releases' incident to a reduction in force, we can see no reason why Congress did not intend to include therein a 'release' from his former position, although he was retained in a subordinate one. Since Congress intended to protect the veteran in the case of a release, it must have intended to protect him in the case of a demotion. It cannot be supposed that Congress intended to protect the veteran against the greater injury of a release and not protect him against the lesser injury of a demotion.

"Under the 1912 Act a veteran was protected both in the case of a discharge and a demotion. While

the 1944 Act referred only to re-leases, it is plain that the latter Act did not mean to restrict the preference of veterans, but to enlarge them. See our discussion of this in Schweizer v. United States, supra."

Thus, in this case plaintiff's particular job was abolished by reorganization. It then became his right to "bump" non-veteran employees in the same grade who held the same or similar job which plaintiff was able to fill. 5 CFR § 20.2(c), (d), and (f) and § 20.5(b) (1) and (2) (Cum. Supp.1956).

There were two nonveteran Special Investigators at grade GS–11 working with plaintiff and performing the same or substantially the same duties as plaintiff, and both nonveterans have been continuously employed as aforesaid to date, and plaintiff was qualified to fill said positions. In addition, as heretofore stated, plaintiff was found by the Seventh U. S. Civil Service Region to be qualified for the positions held by the two nonveteran employees, and the agency recognized plaintiff's qualifications by later orally offering him the position in the Chicago office.

Therefore in our view plaintiff was not given the protection of section 12 of the Veterans' Preference Act of 1944, supra. The decision of the Civil Service Commission for the Seventh Region on plaintiff's second appeal wherein the commission determined the demotion was not incident to a reduction-in-force and the retention preference regulations were not applicable was in error and invalid.

Plaintiff's motion for summary judgment is granted, and defendant's motion is denied. Plaintiff is entitled to recover and judgment will be entered to that effect. The amount of recovery will be determined pursuant to rule 38(c) of the Rules of this court, 28 U.S.C.A.

It is so ordered.

JONES, Chief Judge, and MADDEN, WHITAKER, and LITTLETON, Judges, concur.