Charles N. JAMISON et al., Plaintiffs,

v.

Oscar BAKKE, Director, Eastern Region, Jamaica, New York, and William F. McKee, Administrator, Federal Aviation Agency, etc., Defendants.

Civ. No. 65-C-926.

United States District Court
E. D. New York.

Oct. 7, 1965.

Samuel Resnicoff, New York City, for plaintiffs.

Joseph P. Hoey, U. S. Atty., Eastern District of New York, Bernard Rothman, Asst. U. S. Atty., of counsel, for defendant.

BRUCHHAUSEN, District Judge.

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, the plaintiffs move to enjoin the defendants from abolishing the civil service positions presently held by them, and from transferring them to other cities throughout the United States. The plaintiffs seek to maintain the status quo until the Board of Appeals and Review, United States Civil Service Commission, Washington, D. C., rules on the lower administrative determinations.

It is well settled that a party is precluded from judicial review if he has not exhausted his administrative remedies. Federal Power Commission v. Colorado Interstate Gas Co., 348 U.S. 492, 500, 75 S.Ct. 467, 99 L.Ed. 583; Burns v. McCrary, 2 Cir., 229 F.2d 286.

In the Burns case, the Court at page 287, stated:

"When this suit began and when the preliminary injunction issued, plaintiffs had not exhausted their administrative remedies. Such exhaustion is essential to the maintenance of such a suit. The final administrative decisions will be made by officials residing in Washington, D. C., who have not been served. Accordingly, the district court had no jurisdiction to grant either a temporary or a final injunction.

"Reversed and remanded with directions to dismiss for lack of jurisdiction."

In Group v. Finletter, U.S.D.C.D.C., 108 F.Supp. 327, the Court held in part at pp. 328–329:

"* * * it is also the law that where it is undisputed that a plaintiff's legal rights are being violated, there is no longer any occasion for the requirement that plaintiff exhaust whatever administrative remedies he may have before seeking to vindicate his rights in Court. Wettre v. Hague, 1 Cir., 168 F.2d 825, 826. See also Reynolds v. Lovett, D.C.Cir., 201 F.2d 181. In the Wettre case, supra, the Court cited the case of Order of Railway Conductors of America v. Pitney, 326 U.S. 561, 566, 66 S.Ct. 322, 90 L.Ed. 318, wherein it was stated:

"'Of course, where the statute is so obviously violated that "a sacrifice or obliteration of a right which Congress * * * created" to protect the interest of individuals or the public is clearly shown, a court of equity could, in a proper case, intervene.' [168 F.2d 826.]

"It will be noted in the Leeds v. Rossell case [Leeds v. Rossell, D.C., 101 F.Supp. 481], supra, that the question of whether plaintiffs' rights were violated was clearly put in issue, for the Court said, 101 F. Supp. on page 483 of that opinion:

'The plaintiffs' contention that competing employees with lower retention status than plaintiffs' are being retained in preference to plaintiffs is denied by defendants who in answering affidavits set forth the efforts they made to ascertain positions acceptable to plaintiffs for which plaintiffs were qualified.'

"The Court later in the opinion said also:

'In the case heavily relied on by plaintiffs, Reeber v. Rossell, D.C., 91 F.Supp. 108, in which a preliminary injunction was granted notwithstanding there were administrative appeals pending, it does not appear that any substantial question of fact was involved and the court found that the undisputed facts established a violation of plaintiff's rights.' "

See also Hardy v. Rossell, D.C., 135 F.Supp. 260.

■ In the case at bar, the Court after due deliberation upon the affidavits of both parties together with the applicable law must conclude that the district court has no jurisdiction to grant either a temporary or a final injunction and directs dismissal of the complaint for lack of jurisdiction.

Settle order on two (2) days' notice.