Laramore, Judge,
delivered the opinion of the court:
Plaintiff, a veterans’ preference eligible, was demoted in a 1953 reorganization of the Claims Division of the General Accounting Office. He seeks back pay from the time of his demotion to the present at the difference between the GS-T position to which he was assigned and the GS-8 position to which he contends he should have been assigned. He alleges violation of the retention preference regulations. The case arises on cross-motions for summary judgment, and the following facts are presented by the record.
Plaintiff was employed by the General Accounting Office in the grade 8 position of Adjudicator (Miscellaneous Civil Claims) GS-960-8. A similar position was held by one Aaron Kaplan who, together with plaintiff, was a veterans’ preference eligible and in the same competitive level and re *427 tention subgroup as plaintiff. On October 22, 1953 there occurred a reorganization of the Claims Division, and all positions in the same competitive level as plaintiff and Kap-lan were abolished.
Plaintiff accepted reduction to a grade 7 position, Adjudicator (Debt Claims) (GS-960-7-GAO-54-84), in lieu of separation from Government service. Kaplan was administratively reassigned to the newly created GS-8 position of Adjudicator (Civil Claims) (GS-960-8-GAO-54-72) in lieu of separation. Both actions were effective October 22,1953. The position to which Kaplan was reassigned had been allocated on October 1,1953, and had never been occupied prior to Kaplan’s reassignment thereto.
A retention register was prepared pursuant to reduction-in-force regulation 5 CFK, chapter 1, part 20, 1952 Supp. This retention register erroneously placed Kaplan’s name at the top of the list and plaintiff’s name appeared second on the list. The error was that plaintiff, in fact, had more retention points than Kaplan and his name should have been placed at the top of the list. During the reduction in force, the General Accounting Office did not have nor did it follow a policy of using retention points as a basis for reassigning employees to vacant positions. Such reassignments were made on the basis of merit.
Plaintiff alleges he first became aware of the error in the retention register on October 15, 1958. On November 12, 1958, plaintiff appealed to the agency, asserting that by virtue of his having the greatest number of retention points, he should have been assigned to the grade 8 position to which Kaplan had been assigned and that the assignment of Kaplan had been error caused by the incorrect retention register. The agency denied this appeal by letter of November 24, 1958, on the grounds that Kaplan was assigned to a vacancy and that such reassignment was an administrative action and not an action taken under retention preference regulations.
On November 8, 1958, plaintiff appealed to the Appeals Examining Office, Civil Service Commission, on the same grounds presented to the agency. This appeal was denied by letter of December 2,1958, on the grounds that it had not *428 been timely made. The Commission consequently did not hold a hearing, but did review the facts as recited in the agency’s letter of November 23, 1958, denying plaintiff’s appeal, and stated that the agency had acted properly on the basis of the recited facts.
Plaintiff appealed this decision to the Commission’s Board of Appeals and Review, which affirmed the denial of the Appeals Examining Office to accept the appeal because not timely filed.
Plaintiff appealed to the Comptroller General, who denied this appeal. This decision was appealed to the Civil Service Commission which affirmed the decision of the Comptroller General and denied the appeal. This suit results.
Plaintiff in his reply brief states “Recovery is based on procedural violations of valid regulations and statutes.” He then cites the case of 'Washington v. United States, 13V Ct. Cl. 344, which holds that where arbitrary or capricious administrative action is not alleged and the claim is based solely on procedural defects, the court may not consider the merits of the case but is concerned only with the question of violation of procedural rights. With this contention of plaintiff we are in complete agreement.
What statute or regulation then has been violated in this case ? Plaintiff says when his position and the position held by one Aaron Kaplan were abolished by the reorganization, he instead of Kaplan should have been reassigned administratively to the newly created GS-8 position of Adjudicator (Civil Claims). He says this because in fact he had more retention points than Kaplan and Kaplan was erroneously placed at the top of the list on the retention register. Consequently, plaintiff argues that the action taken was in contravention of the retention preference regulations. Plaintiff then contends that because of the error recited above, he is entitled to the back salary and grade claimed under section 12 of the Veterans’ Preference Act of 1944, 58 Stat. 38V, 390.
Section 12, supra, provides that in any reduction in personnel competing employees shall be released in accordance with the Civil Service Commission regulations giving effect *429 to the tenure of employment, military preference, length of service, and efficiency ratings.
The Civil Service Commission regulations provide for retention preference in conformity with section 12, supra, and specifically provides in section 20.5(d) thereof as follows:
_ Reasonable change in position. Any change in position under these regulations is reasonable if it is made without reduction in grade or pay. If a reduction in grade or pay cannot be avoided, any such change is reasonable if made with the least reduction required to conform with these regulations. Employees are not required to be given options as to alternative changes possible in any particular case. No agency shall be required to fill a vacant position, or to promote any employee, or to transfer any employee to a different duty station, and no agency shall be prohibited from taking such administrative actions. No employee rendering satisfactory service in a position shall be required to be displaced by a competing employee who is not qualified for such position under the regulations in this part.
However, we think plaintiff’s reliance on a violation of the above statute and regulations is misplaced for this reason: Plaintiff assumes that the new position to which Kaplan was assigned was in the same competitive level as the old GS-8 positions occupied by Kaplan and plaintiff. Such is not the case. All positions in the competitive level occupied by plaintiff and Kaplan were abolished in the reorganization. Consequently, both plaintiff and Kaplan were properly reached in the reduction in force. Plaintiff was reduced to a GS-7 position in lieu of separation and Kaplan was reassigned to a vacant GS-8 position in lieu of separation from the service. Thus the situation narrows to an interpretation of section 20.5(d) of the retention preference regulations, supra.
It is defendant’s contention that since the position to which plaintiff asserts he should have been reassigned was a newly created position, allocated on October 1,1953, and had been vacant until Kaplan was administratively assigned to it effective November 22, 1953, the agency was authorized under section 20.5 (d), supra, of the regulations to fill it in its discretion. Defendant then contends that if the agency chooses to *430 fill a vacant position it does so as an administrative action, and the agency can select whomever it chooses to fill such vacancy without consideration of length of service.
The portion of the regulation providing “no agency shall he regmred to fill a vacant position, or to promote any employee, or to transfer any employee to a different duty station, and no agency shall he prohibited from tdkmg such administrative action,” leaves no room for an interpretation other than that urged by the defendant. This was the interpretation of the General Accounting Office, the Comptroller General, and the Civil Service Commission.
The General Accounting Office stated in a letter to plaintiff dated November 24,1958, as follows:
A review of the records shows that you had almost a year and a half more service than Mr. Kaplan; that both you and Mr. Kaplan had veteran preference; and that you and Mr. Kaplan were in the same retention subgroup and competitive level at the time of the reduction in force. The review also discloses that all employees in your competitive level were separated from that level at the time of the reduction in force. Mr. Kaplan was reassigned to a vacancy in Grade GS-8 at the time of the reduction in force and his reassignment was an administrative action and not an action taken under the retention preference regulations. Your having more service than Mr. Kaplan gave you no entitlement to the position to which Mr. Kaplan was reassigned. The record review does not disclose that an administrative error was made by reducing you to Grade GS-7 in the reduction in force.
The Comptroller General in a letter to plaintiff dated March 23,1959, stated:
Section 20.5(d) beginning on page Zl-287 of the Manual provides that no agency shall be required to fill a vacant position and that no agency shall be prohibited from takmg such administrative action. Such administrative action was taken when Mr. Kaplan was placed in a vacancy in grade GS-8. The Retention Preference Regulations gave you no entitlement to the vacancy in which Mr. Kaplan was placed regardless of the fact that you had more retention credits than Mr. Kaplan. Even if the retention register had properly reflected Mr. Kaplan’s length of service at the time of the reduction *431 in force, it would not have indicated your entitlement to the vacancy in which Mr. Kaplan was placed.
The Civil Service Commission affirmed the position of the agency in its letter to plaintiff dated September 30, 1959, which reads in part as follows:
* * * Mr. Kaplan was reassigned to a vacancy and the fining of a vacancy during a reduction in force by reassignment is a discretionary matter with the agency. Under the Commission’s regulations Mr. Kaplan could have been assigned to the vacancy regardless of his retention standing in relation to yours. On the other hand there was no right which you could have exercised in claiming reassignment to the vacancy, regardless of your retention standing.
It has been uniformly held that the construction given to a law or regulation by those responsible for carrying it out is entitled to great weight and ought not to be overruled without good reasons and that administrative interpretation is of controlling weight unless plainly erroneous. Atchison, Topeka & Santa Fe Railway Co. v. Scarlett, 300 U.S. 471; Bowles v. Mannie & Co., 155 F. 2d 129, cert. denied, 329 U.S. 736.
This is especially true in this case inasmuch as plaintiff did not timely appeal, did not get a factual determination by the Civil Service Commission, and consequently cannot and has not alleged or proved any arbitrary action on the part of any of the agencies involved. The General Accounting Office determined that the two jobs were not in the same competitive level. The Civil Service Commission assumed that the General Accounting Office’s decision on the facts was correct and consequently did not make an independent determination with respect to the facts.
If plaintiff desires to controvert those facts, he must produce evidence sufficient to show that the Commissioner’s findings were arbitrary and capricious. This, as we stated above, plaintiff did not do.
Furthermore, reduction-in-force regulations have been interpreted to be applicable to a reorganization. Parks v. United States, 137 Ct. Cl. 297; Alexander, et al. v. United States, 149 Ct. Cl. 445.
*432 As a matter of fact, following the decision in Parles v. United States, supra, and subsequent to the pertinent period here, the Civil Service Commission amended its regulations to specifically make reduction-in-force procedures applicable to a reorganization and provided that reduction in force does not apply to reassignment to vacancies. 5 CFR 20.2(a) (1958 Supp.).
Since reduction in force regulations are applicable to a reorganization, section 20.5(d) can be interpreted to read “* * * [in a reorganization] no agency shall be required to fill a vacant position, * * * and no agency shall be prohibited from taking such administrative action. * *
This was, as stated earlier, the interpretation of the General Accounting Office and the Civil Service Commission.
Moreover, absent a reduction-in-force situation, the agency has complete discretion as to whether or not a vacancy will be filled. Consequently, the agency could fill the vacancy before or after the reorganization, or not at all, and if it decided to fill the vacancy it could do so without regard to reduction-in-force regulations because there existed no reduction-in-force situation.
According to plaintiff, the agency must fill vacant positions immediately without consideration of good management practices but only follow the retention register. Under this interpretation, the only considerations would be those of seniority of the employee and not the interests or the objectives of the agency. We think this interpretation not to be in harmony with the regulation involved and not in harmony with good personnel procedures and good sense.
In conclusion, no one in the agency including plaintiff or Kaplan had a right to the job. Once having determined that the position should be filled, under the discretion reserved in section 20.5(d) of the retention preference regulations, the agency could select any person it desired.
For the foregoing reasons plaintiff’s motion for summary judgment is denied, and defendant’s motion is granted. Plaintiff’s petition will be dismissed.
It is so ordered.
Dueuee, Judge; MaddeN, Judge; Whitaker, Judge; and Jones, Chief Judge, concur.